Vordenbaumen & Eastman vs. Bartlett et al.

## No. 13,834.

VORDENBAUMEN & EASTMAN vs. J. M. BARTLETT ET AL.

### SYLLABUS.

1. The owner who pays an amount to his contractor, after having received notice of the contested account of the laborer or material man, may be held liable for the amount, although he may not have served a copy on his contractor as he should have done. The decision in Schwartz vs. Cronan, 30 Ann. 995, in this particular is overruled.

2. The laws regarding owners, builders, workmen, and material men of a date prior to Statute 180 of 1894 have not been repealed, except in so far as they may conflict with the statute. The latter is only supplementary to prior laws on the subject.

3. The owner did not make payment to his contractor in anticipation, but paid for work performed and material which had actually been used in the construction; and on this score the security has no cause to complain.

4. One of the plaintiffs, a member of the firm, claims for labor and material; at the same time he claims to have been released from his liability as surety on the bond. His firm is entitled to recover the amount of its claim.

5. The question of the liability of this security remains to be determined.

IN RE Vordenbaumen & Eastman, Applying for *Certiorari,* or Writ of Review, to the Court of Appeal, First Circuit, State of Louisiana.

*Lee Emmett Thomas,* for Applicant.

*M. C. Elstner,* for Neith Lodge No. 21, I. O. O. F., Defendant.

The opinion of the court was delivered by BREAUX, J.

On application for a rehearing by BREAUX, J.

Vordenbaumen & Eastman vs. Bartlett et al.

BREAUX, J. This action was brought by plaintiffs on an attested account.

Plaintiffs asked for judgment for the amount and recognition of a privilege for its payment.

The contractor, Bartlett, filed a general denial. The owner, the Neith Lodge of Shreveport, admitted having entered into a contract with this contractor for the erection of a building, under the provisions of Act 180 of 1894, and averred that one of the plaintiffs, Vordenbaumen, was one of the sureties on Bartlett's bond, which had been executed in accordance with the terms of the act just cited. The lodge further averred that it had paid the amount stipulated in the contract, and that it was not indebted to the contractor at the date the suit was instituted.

The lodge particularly invoked the fact that Vordenbaumen was surety on the bond of Bartlett, contractor. The entire building, on which plaintiff worked and in the construction of which its materials were used, was completed on the 20th day of January, 1900.

On the 20th day of December preceding, plaintiff served an itemized account (for work done and materials furnished) on the defendant, but the owner, the Neith Lodge, did not serve the attested account on the contractor, Bartlett, and did not seek to bring about an adjustment of the claims with this contractor.

The judge of the District Court found as a fact that at the date of the service of the attested account before mentioned, the lodge owed an amount to the contractor under the contract, which it chose to pay out after notice of the attested account.

Our learned brother, in an elaborate opinion, concluded that the workmen and the material men have lost all right to recover from the owner. The owner, although notified, did not choose to serve a copy of the attested account he had received on the contractor. From this judgment plaintiff appealed.

The Court of Appeal also found, as did the district judge, that at the date of the service of the account, the lodge was indebted to the contractor, Bartlett, which was "afterwards paid by the owner to the holders of other claims"; but which decidedly inclined to a contrary view, the Court of Appeal deemed it a duty to follow the view expressed in Schwartz vs. Cronan, 30 Ann. 995, and for that reason alone, we are informed by the opinion, the judgment of the District Court was affirmed.

The contractor had rendered to the owner all service provided for by

the contract. The owner has paid the price agreed upon in the contract for erecting the building.

Before this payment had been made, we have noted that it (Neith Lodge) had been notified by service upon it of an attested account made out as required by Article 2772 R. C. C., from which the following is an excerpt: "It shall be the duty of the owner to furnish his contractor with a copy of the attested notice served upon him." C. C. 2272. The laborers and material men had a claim upon the price, but no service of the attested account was ever made on the contractor as provided by the article.

Prior to the enactment of Statute 66 of 1844, workmen and material men had the right to sue and hold the owner for the amount he still owed the contractor at the date the suit was filed.

The purpose of the statute just cited was to enlarge the remedy in the interest of the workmen and material men. The title of the statute expressly indicates that such was the purpose.

If, as contended by defendants, because of the mere fact that the owner did not serve the attested account, as made his duty by the statute, he is at once and without further examination into the matter, o be considered released from liability, although he openly violated his duty and disregarded the notice; and, despite the notice, paid the amount he was notified not to pay, then the statute fails entirely in carrying out the purpose expressed.

Our study of this statute has not led us to that conclusion. In our view an interpretation can be given to the statute that will carry out the purpose expressed in the title, which is to enable workmen and material men to collect their claims.

The claim of the laborer and material man is not left to the will of the owner, who may be entirely unwilling to carry out the provisions of this statute. The creditor is not to be made to lose a right because of the failure of the debtor to fulfill a duty imposed by statute. As we read this law, it seeks to protect all parties concerned—the owner, the laborer, the material man, and the contractor. The amount is only as it were, garnisheed in the hands of the debtor, to the extent that it may be necessary to protect the creditor who has a claim. Contradictorily (under the terms of the statute, as we interpret it) with all parties concerned, the rights of the parties are fixed, and the creditor is paid in accordance with a decree of court, subsequently obtained, provided a prior settlement is not arrived at in the manner indicated. The statute does not ask for more than that the workman and material man

shall let the owner know that his building has been in part furnished by his labor or with his material, and to that extent, from the unpaid balance in the hands, he expects to be paid. There is nothing in this to injure or oppress the owner. It only remains for him to notify his contractor and to hold needful amounts until it has been determined between the contractor and his creditor whether the amount is due.

In a number of earlier decisions, this court always gave effect to the service of the attested account, and no account in these decisions is taken of the fact that the owner did not make service over, as required, on his contractor. We have referred to each of the following decisions. In each decision it appears that the attested account was served on the owner alone. In every one of them, effect was given to the service as made on the owner and although not completed by the owner by handing over a copy to his contractor. Hale vs. Willis, 3 Ann. 507; Allen vs. Wills, 4 Ann. 97; Jorda vs. Gobet, 5 Ann. 431; McBurney vs. Bradbury, 6 Ann. 39; Hogge vs. Taliaferro, 10 Ann. 561; Stewart vs. Christy, 15 Ann. 325.

The rule laid down in these cases was recently followed and another decision was added to the number cited, in which this court said: *"Service of the attested* account on the parish *as owner* subordinated the contractor's claims thereto." (Our italics). Pullis vs. Parish of Natchitoches, 51 Ann. 1377.

On rehearing in the last cited case this point was specially urged and earnestly pressed upon the attention of the court. The rehearing was not granted and thereby again the view, to which we have just adverted, was affirmed. It remains that one of the decisions of this court is not from all points of view in accord with the cited decisions *supra*. We do not think that the test, to which the law has been sujected upon the subject, sustains the conclusion arrived at in that decision. It has become manifest that the amount due by the owner should, by all means, be distributed in accordance with the rights of each of the creditors, and this precludes the idea that the owner has the right to pocket the attested account and defeat the purpose of the statute. We must, however, disclaim all intention to overrule entirely Schwartz vs Cronan, 30 Ann. before cited. The decision treats and decides other questions, and in other respects, has withstood the test of time and experience. But as relates to the point now being considered by us. we think that, as an authority, it should be so modified as not to render unavailing all service of an attested account, on the ground that the

owner has chosen not to perform the part which the law lays down as his duty.

We will say, in passing, that we do not consider that the laws regarding owners, builders, workmen and material men, in force prior to the adoption of the Statute 180 of 1894, have been repealed by that statute.

This last statute only enlarges the security. It is supplementary and not a repealing statute, except in so far as prior laws conflict with it. There is nothing about this statute indicating that it was the intention to repeal a general law upon the subject. The last statute (180 of 1894) applies only in cities designated by the number of its inhabitants and contracts over a stated amount. If the statute just cited were a repealing statute, it would replace the old law only in part and leave but scant protection to workmen and material men in cities of less than ten thousand inhabitants, and in matter of contracts involving less than one thousand dollars. In our view, the old law, in so far as it does not conflict with the statute in question, is still in force and, under it, creditors may have funds retained in the hands of the owner a sufficient length of time to enable all parties to be heard regarding their rights.

Plaintiff charges that the owner (Neith Lodge) prematurely advanced to the contractor the sum of three thousand dollars, without the surety's knowledge or consent, and that this money was not applied by the contractor in the payment of debts due on the building.

This amount was deposited in bank subject to the contractor's check as the work advanced. We are not led to believe that payments were anticipated and claims paid before the amount had been earned by the workmen or material men. It was paid "for labor performed and material owed." The testimony discloses that it was necessary to meet the claims as they were met, in order to enable the contractor to go on with his work.

The fact that one of the plaintiff's firm, Vordenbaumen, has signed the contractor, Bartlett's bond, and has bound himself to Neith Lodge, owner, for the faithful performance of all of its terms and conditions, gives rise to another issue. Vordenbaumen, in so far as he has an interest, can not recover it adversely to his obligation as surety on the bond, provided the "Neith Lodge" obligee has not lost its recourse upon this bond. He can not recover an amount which, in certain contingency, he is himself bound. He is, in face of the bond, bound as surety to his firm.

Vordenbaumen & Eastman vs. Bartlett et al.

The defendant, owner, asks to have its right reserved to recover on building contractor's bonds signed by one of the plaintiffs as surety. This right will be reserved in our decree.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Appeal is annulled, avoided and reversed; it is further ordered, adjudged and decreed, that the judgment of the District Court is also annulled, avoided and reversed.

For the reasons assigned, judgment is pronounced in favor of plaintiff and against defendant for the sum of three hundred and twenty-nine 65-100 dollars for material furnished, with five per cent. interest from judicial demand which the owner is decreed to pay.

It is further ordered, adjudged and decreed, that the owner's right to proceed hereafter against principal and surety on their bond is especially reserved, and this judgment is subject to that reservation.

## ON APPLICATION FOR REHEARING.

BREAUX, J. Plaintiffs ask that our decree be corrected because it is for three hundred and twenty-nine 65-100 dollars, while plaintiffs contend that it should be for a larger amount. With reference to plaintiffs' claim, we quote from page three of their brief: "Their bill amounted to three hundred and twenty-nine 65-100 dollars. On December 20th, 1899, they made out an itemized account of the same, duly attested it, and served it, etc." Again, on page 20, "that plaintiffs are entitled to a judgment for three hundred and twenty-nine 65-100 dollars against Neith Lodge." We took the amount as stated by plaintiffs. It did not escape our attention that the judge of the District Court passed upon the claim for an additional amount. While the claim of three hundred and twenty-nine 65-100 dollars, which we have allowed, was rejected by the District Court, that court passed upon and decreed another amount due (not included in the three hundred and twenty-nine 65-100 dollars).

When the case was taken up on appeal to the Court of Appeal, there was no question raised about this additional amount. The judgment of the District Court was affirmed. On review, we decided that relators are entitled to the three hundred and twenty-nine 65-100 dollars. That claim alone occupied our attention. We will add the heretofore omitted words to our decree: "In so far as it rejects the demand for three hundred and twenty-nine 68-100 dollars, in other respects the judgment of the District and Court of Appeal remained undisturbed."

Plaintiffs' counsel further urges that we should not have reserved any right to the defendant to proceed against the security on the bond. Counsel contends that all recourse on the bond is now prescribed and lost. Be that as it may, we have not passed upon any right nor did we epress recognition of any right on the part of the defendants to proceed on the bond. The purpose of the reservation and the intention in regard to all reservation, in the absence of direct expression, is to reserve only such rights as one may have. If he has no right, or if it is subject to prescription, the reservation does not operate prejudicially to the opposing party.

It is, therefore, ordered, adjudged, and decreed, that our original decree be amended by adding the words, "in so far as it rejects the demand for three hundred and twenty-nine dollars and sixty-five cents." In other respects the judgments of the District Court and of the Court of Appeal remain undisturbed.

It is further ordered, adjudged, and decreed, that plaintiffs do have judgment against the defendant, the Neith Lodge of I. O. O. F., in the sum of three hundred and twenty-nine dollars and sixty-five cents, with legal interest from judicial demand as heretofore decreed.

It is further ordered, adjudged, and decreed, that the said sum is due in solido by said Neith Lodge of I. O. O. F. and J. M. Bartlett, and that as to the said Bartlett the amount is already included in the judgment rendered by Judge A. D. Land on the 12th of December, 1900, afterward affirmed on appeal before the Court of Appeal.

It is further ordered, adjudged, and decreed, that as to the additional amount claimed by plaintiff, say one hundred dollars, it is included in the said judgment of December 12th, 1900.

Rehearing refused.