(35 South. 524.)

No. 14,401.

NEITH LODGE, NO. 21, I. O. O. F. v. VOR-DENBAUMEN.

(Dec. 15, 1902.)

BUILDING CONTRACT—BOND OF CONTRACTOR—LIABILITIES—PRESCRIPTION—APPEAL—REVIEW.

1. The plaintiff entered into a contract with a builder for the construction of a building. The contractor executed a bond, with Vordenbaumen as his surety, that the contractor should pay all workmen, laborers, and mechanics, and all those who furnished supplies and materials actually used in the building. The firm of Vordenbaumen & Eastham, of which Vordenbaumen was a partner, furnished materials, and, not being paid, served upon the owner, then owing money to the contractor, an attested account, as required by statute. The firm then brought suit and recovered judgment against the owner. The latter paid the judgment, and brought suit against the surety on the bond.

*Held*, this demand was not well founded. The service of the account and the judgment of court had the effect of a seizure of money. The subsequent payment of the firm's claim was, in legal contemplation, through the owner, a payment of this debt, by the contractor himself, out of his own funds in the hands of the owner.

### On Rehearing.

2. In matter of a contractor's bond for the faithful execution of his contract as builder, and to secure laborers and materialmen, the principal, in accordance with the terms of the bond, is bound for the faithful execution of the builder's contract; also that he (the principal) will comply with the special statute (Act No. 180 of 1894, p. 223).

The bond contains dual obligations, one protected by general law, and the other to insure performance of the contractor under the special statute.

3. Had the contractor complied with the terms of his bond, the plaintiff, in whose favor it was executed, would not have had to defend a suit brought by a firm of which the surety is a member, nor to pay costs and interest.

Failure of the contractor to pay the amount due to the firm of the surety was a violation of the condition of the bond, and thereby the surety on the bond became liable for the amount.

4. An issue not presented to and urged before the district court and Court of Appeal, will not be considered by the Supreme Court.

5. Under the terms of the bond, the owner of the building is not affected, as to prescription provided in the act of 1894.

6. Conditions were inserted in the bond looking to the protection of owner, workmen, and materialmen.

(Syllabus by the Court.)

Action by the Neith Lodge, No. 21, I. O. O. F., against E. H. Vordenbaumen. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Affirmed, and petition dismissed.

Lee Emmett Thomas, for applicant. Alexander & Wilkinson, for respondent.

### Statement of the Case.

NICHOLLS, C. J. The plaintiff, in its petition in this suit to the district court for the parish of Caddo, alleged that the defendant was indebted to it in the full sum of $505.85, for this:

That on the 8th of June, 1897, it entered into a contract with one J. M. Bartlett to build a building in the city of Shreveport for the price of $7,450. That in order to guaranty the full compliance with said contract by Bartlett, and in order to fully protect it against any claim for labor, materials, etc., used or employed in the erection and completion of said building, Bartlett executed a bond in solido with said Vordenbaumen in the sum of said contract price, which has

duly been recorded. That said building was completed on January 20, 1900, in an imperfect and defective manner, and on April 20, 1900, Vordenbaumen & Eastham, a commercial firm of which Vordenbaumen was a member, instituted suit against it for the recovery of an alleged lien and claim against said building, and thereafter, on appeal to the Supreme Court, judgment was rendered against it for the sum of $425.05, with interest and costs.

That on August 10, 1901, it paid said judgment, interest, and costs; said sum aggregating $505.85. That Bartlett is wholly insolvent, and Benjamin, one of the solidary sureties on said bond is dead, leaving no property.

That its right to sue said Vordenbaumen was specially reserved in the judgment in the Supreme Court, and that, by virtue of the terms and conditions of said bond, Vordenbaumen is indebted to it in said sum claimed. It prayed for judgment against him accordingly.

Defendant answered, pleading first a general denial. He specially resisted the claim for interest and costs, averring that plaintiff could have absolved itself therefrom by paying the debt.

He resisted the remaining part of the claim, averring that same was materials furnished the contractor for plaintiff's building, and an itemized account was served on the plaintiff on December 20, 1899, when plaintiff had plenty of funds to pay the same, but after said time it paid out same to other parties, and refused to pay said debt for material, and it was through its own laches said debt was not paid in due season; and, even when plaintiff was sued, it refused to pay the same, and contested the same through to the Supreme Court, where final judgment was rendered against it, and that more than 90 days had elapsed from the completion of the building before the present suit was brought, and defendant's bond had long since become null and void, under the statute. He prayed for the rejection of the demand, with costs.

He pleaded prescription of 90 days under the statute.

We make the following extract from the opinion of the Court of Appeal in this case:

"J. M. Bartlett, a contractor, entered into a contract with the appellee to erect a building on its lot in this city [Shreveport] for $7,450. The appellant, E. H. Vordenbaumen, on the 8th of June, 1899, signed a bond, together with Sam Benjamin, as surety to the contractor.

"The bond is conditioned as follows: 'Whereas, J. M. Bartlett has contracted with the above named Building Committee to execute, construct and complete a Lodge Building for the sum of $7,459.54, by a contract dated June 8th, 1899, hereto attached, and the condition of this obligation is that if the said J. M. Bartlett shall duly perform said contract, and shall comply with Act No. 180 passed by the Louisiana Legislature in 1894, and amended by Act No. 123, of 1896, by paying all workmen, laborers and mechanics, and all those who furnish supplies and materials actually used in the building, then this obligation is to be void, but if otherwise the same shall be and remain in full force and virtue.' The firm of Vordenbaumen & Eastham, of which the appellant was a member, sold the contractor the material for the building, and did some of the work. On the failure of the contractor to pay the bill for material and labor performed, Vordenbaumen & Eastham brought suit against the contractor and lodge (plaintiff herein) for the supplies and materials used in the building, and also for the contract price of the labor performed. In the Supreme Court a judgment was rendered in their favor against the lodge, including interest and costs, amounting to $502.25. See 105 La. 752, 30 South. 219.

"The plaintiff paid the judgment, and thereupon brought the present suit for indemnification against the appellant, the surety on the bond.

"The defendant tendered an exception of no cause of action, and the limitation of ninety days, as embodied in the act of 1894. This exception was referred to the merits by consent of both litigants. The defendant answered, in which he pleaded nonliability for costs, and that the bond was null and void, being over ninety days since the completion of the building, and that the plaintiff was guilty of laches, whereby the defendant was discharged.

"The case was tried on the record of Vordenbaumen & Eastham v. Neith Lodge, and resulted in a judgment in favor of the plain-

tiff for $402.14, and from this judgment the defendant appeals."

## Opinion.

The Court of Appeal, on this declared state of facts, affirmed the judgment of the district court, with costs. It will be seen from the opinion of this court in Vordenbaumen & Eastham v. J. M. Bartlett et al., in its review of that judgment (105 La. 752, 30 South. 219), that in that suit the present plaintiff set up the fact that it had paid the amount stipulated in the contract, and that it was not indebted to the contractor at the date the suit was instituted, and that it particularly invoked the fact that Vordenbaumen was surety on the bond of Bartlett, the contractor. In passing upon the issues raised in that case, this court said: "The entire building on which plaintiff [Vordenbaumen & Eastham] worked, and in the construction of which its materials were used, was completed on the 20th day of January, 1900.

"On the 20th of December preceding, plaintiff served an itemized account [for work done and materials furnished] on the defendant, but the owner, the Neith Lodge, did not serve the attested account on the contractor, Bartlett, and did not seek to bring about an adjustment of the claims with this contractor.

"The district judge found as a fact that at the date of the service of the attested account the lodge owed an amount to the contractor, which it chose to pay after notice of the attested account. * * *" The Court of Appeal found, as did the district judge, that at the date of the service of the attested account the lodge was indebted to the contractor, Bartlett, which was "afterwards paid by the owner to the holders of other claims." The contractor had rendered to the owner all service provided for by the contract. Before the payment had been made, we have noted that it (Neith Lodge) had been notified by service upon it of an attested account made out as required by Article 2772, Civ. Code.

The Court of Appeal was strongly inclined to reverse the judgment of the district court and render judgment in favor of Vordenbaumen & Eastham, but did not do so, as it felt itself forced to follow the views of this court as announced in Schwartz v. Cronan, 30 La. Ann. 995. This court, to a certain extent, overruled the latter opinion, and doctrines announced therein, and, as we have said, reversed the judgment of both the district court and the Court of Appeal, and gave judgment in favor of Vordenbaumen & Eastham.

In our opinion we alluded to the fact that the plaintiffs in that case were not proceeding under Act No. 180 of 1894, p. 223, but under the articles of the Civil Code and the statutes enacted prior to 1894. We stated that we did not consider the laws regarding owners, builders, workmen, and material which were in force prior to the adoption of the statute (Act No. 180, p. 223, of 1894) had been repealed, but that the latter law only enlarged the security. That, in our view, the old law, in so far as it did not conflict with the statute in question, was still in force, and under it creditors might have funds retained in the hands of the owner a sufficient length of time to enable all parties to be heard regarding their rights. The claim advanced in the present suit by Neith Lodge against Vordenbaumen as surety of Bartlett is based exclusively upon the payment which it has made of the judgment in the matter of Vordenbaumen & Eastham, reported in 105 La. 752, 30 South. 219.

That judgment established the fact of the indebtedness of Bartlett to Vordenbaumen & Eastham to the amount decreed by the judgment; the fact that those parties had proceeded legally and properly against the lodge, by serving upon it an attested account of their claims against Bartlett; and that the situation was such at the time of said service as to entitle them to a judgment against it. As the lodge had obtained the bond required to be given by Act No. 180, p. 223, of 1894, and had recorded it, Vordenbaumen & Eastham could not have successfully proceeded against the owner of the property under that statute. They were forced to have recourse to service of an "attested account" upon the owner, and take action against it as being a debtor of Bartlett.

The service of that account upon the owner deprived it, to the extent of that claim, of its liberty of action in subsequently paying Bartlett. It operated substantially as a seizure in its hands of that much of the money owing by it to Bartlett, and, as an injunction to it against making an after payment to the

latter, it was in the nature of a garnishment of the fund due to Bartlett.

Neith Lodge views the payment which it made of the judgment as a payment made out of its own money to creditors of Bartlett, entitling it to claim reimbursement from Vordenbaumen as surety upon Bartlett's bond.

This view of the situation overlooks the fact that in legal contemplation the money which plaintiff expended in making the payment of the judgment must be held to have been Bartlett's money, and not its own. By making that payment it paid, to that extent, its own debt to Bartlett, and became at once entitled to be credited for that sum. Bartlett could no longer claim that amount from it, and, if the lodge thought proper to pay him, it was the payment of a thing not due to him, which might entitle it to recover the amount from Bartlett, who had unduly received it, but not from Vordenbaumen, as Bartlett's surety on the bond. The latter was not Bartlett's surety, guarantying the return by him of moneys which he had improperly received. The legal situation was that Bartlett himself, through Neith Lodge, acting forcedly on his behalf, paid his creditors, Vordenbaumen & Eastham, out of his own moneys in the hands of the lodge. If this was the situation, the condition of the bond on which Vordenbaumen was surety was not broken, so far as the payment of this claim was concerned. The plaintiff could not make a payment subsequent to the payment of that money to Bartlett to the prejudice of the seizure, or its equivalent, which had taken place, and so as to work damage to Bartlett's surety. The surety had, in fact, through the action which his firm had taken against Bartlett and the lodge, moved out for the protection both of himself and the present plaintiff, and had placed the latter in a position of security for the payment of this particular claim to Bartlett's creditor out of his own money, which it and Bartlett could by no voluntary arrangement between themselves ignore.

We are of the opinion that the judgment of the district court in favor of the plaintiff was erroneous, as was also that of the Court of Appeal affirming the same, and that both of said judgments should be reversed and set aside, and that plaintiff's demand should be rejected. The view which we have taken of the merits of the case renders unnecessary any decision upon the question of prescription which was raised in the case.

For the reasons assigned herein, it is hereby ordered, adjudged, and decreed that the judgment of the Court of Appeal herein brought up for review, affirming on appeal to it the judgment of the district court rendered in the present action, be, and the same is hereby, annulled, avoided, and reversed and set aside; and it is further adjudged and decreed that the judgment of the district court so appealed to the Court of Appeal, and by it affirmed, and which latter judgment has herein been annulled, be itself annulled, avoided, and reversed; and, proceeding to render such judgment in the cause as should have been rendered by the district court, it is hereby ordered, adjudged, and decreed that plaintiff's demand be rejected and its suit dismissed at its costs in each of the three courts.

## On Rehearing.

### (Dec. 14, 1903.)

BREAUX, J. We restate a few of the facts touching the issues:

Plaintiff, Neith Lodge, and Bartlett, a contractor and builder, signed a contract in which Bartlett bound himself to build a lodge building for the price of $7,459.54; and, in accordance with the terms of this contract, he executed a bond, with E. H. Vordenbaumen as surety, for its faithful execution on his part.

The building was in due time completed and accepted.

Vordenbaumen, before named, was a member of the firm of Vordenbaumen & Eastham, who had sold material to Bartlett to complete the building, for which they had not been paid.

Within 90 days after the house had been completed, they instituted suit for the amount of their claim against plaintiff and Contractor Bartlett, and they obtained final judgment against both in solido for the amount due them. Bartlett not having property from the avails of which payment can be enforced, plaintiff seeks to recover on the bond against the surety before named the

amount, interest and costs, it was condemned to pay to Vordenbaumen & Eastham.

In the action brought on the bond against Vordenbaumen, surety, on this bond, plaintiff, the Neith Lodge, averred that it was obliged to pay an amount over and above the $7,459.54, for which Bartlett and the surety on his bond are liable.

The district court decided against Vordenbaumen, the cosurety. The decision was affirmed by the Court of Appeal. The case is now before us on writ of certiorari. We have heretofore decided that the amount is not due by the surety. The plaintiff applied for a rehearing, which was granted.

One of the grounds taken, and which was sustained by both the district court and the Court of Appeal, was that the issue was entirely one of prescription vel non.

The plea of prescription was overruled in the district court and in the Court of Appeal. We noted that in the district court the defendant in the case before us for decision pleaded an exception of no cause of action, which was, by consent, referred to the merits, and that afterward, in his answer, defendant reserved all rights he had under the plea of no cause of action, and averred that, as to the costs paid by plaintiff in the suit of Vordenbaumen & Eastham v. Neith Lodge, they have no right of action against them, because they could have avoided all costs by paying the debt for which judgment was rendered against them in the suit last mentioned.

With reference to the small amount plaintiff demands for interest which was paid to Vordenbaumen & Eastham on their claim, they aver that they have no right of action, because Neith Lodge could have avoided payment by paying the debt when it was due. As to the remaining $329.68, which is the amount plaintiff paid to Vordenbaumen & Eastham, and which it now claims of Vordenbaumen, surety, it avers that it was for material furnished the contractor for plaintiff building—presented when plaintiff had in its hands sufficient of the contract price for constructing the building to pay it; that they (Vordenbaumen & Eastham) made out an itemized account, swore to it, and served it on plaintiff in due time; that, instead of paying their claim, they paid out of the amount to other parties, and refused to pay them, although notified as before mentioned.

We take up, in the first place, for decision, the matter of costs and interest.

The defendant, it is true, had, through his firm, notified plaintiff to pay the amount. Plaintiff's failure to comply with notice given by Vordenbaumen & Eastham is not ground for complaint by Vordenbaumen, surety on the bond.

The litigation was occasioned by the principal on the bond, who had bound himself to pay from the avails of the contract, which he failed to do. The contractor failed to comply with his bond, and thereby rendered his surety liable for the obligations it stipulated.

We come to the principal—the amount of $329.68. We have said that this amount was paid to Vordenbaumen & Eastham on their claim for materials to construct the lodge. Had they kept the amount in accordance with the notice of Vordenbaumen & Eastham, to which we have before referred, they would only have paid over the amount which they were afterwards compelled to pay under the court's decree. The plaintiff has discharged its obligation in full to this firm, but what of the liability of Vordenbaumen of the firm, who is surety on the bond? Has he been released as surety by reason of plaintiff's failure to comply with the notice of his firm? Not having been prejudiced by this payment, he cannot very well claim to have been released.

Plaintiff, in paying as it did, obtained, to the extent of the payment, release of liability of the surety. It went to the extinguishment of the bond. Had it not been paid as it has, the surety would be liable for the amount. Instead of being charged for a balance to pay other claims, he is charged with the balance it took to pay the firm.

The conditions of the bond were that the principal, Bartlett, held himself bound to pay all "workmen, laborers and mechanics and all those who furnished supplies and materials actually used in the building." Copying further from the bond: "Whereas, J. M. Bartlett has contracted with the above named building committee to execute, construct and complete a Lodge Building for the sum of $7,459.54 by a contract dated June 8th, 1899, hereto attached, and the condition of this obligation is that if the said J. M. Bart-

lett shall duly perform said contract, and shall comply with Act No. 180 passed by the Louisiana Legislature in 1894, and amended by Act No. 123 of 1896, by paying all workmen, laborers and mechanics, and all those who furnish supplies and materials actually used in the building, then this obligation is to be void, but if otherwise the same shall be and remain in full force and virtue."

The firm of Vordenbaumen & Eastham, of which appellant was a member, sold the contractor material for the building, and did some of the work. On failure of the contractor this firm sued Neith Lodge, and recovered a judgment, which was paid. This the principal has failed to do and this liability was also assumed by the surety, who is, in our view, bound for this failure.

It rested upon the surety to allege and show wherein he has been released from his liability. We take up his pleading, and do not find that he has alleged such facts as justify the inference that he has been released from his obligation.

Defendant complains that the district court and the Court of Appeal failed to investigate and decide regarding an advance to the principal, Bartlett, of $3,000, which was, defendant argues, made to his prejudice as surety. This issue was not presented by the pleadings. It would have been an issue in avoidance, which could not well be considered without plea.

This was the view of the courts that have considered the case, and from that view we have found no reason to dissent.

But defendant strenuously urges that the prescription of 90 days pleaded bars plaintiff from all right of recovery.

The bond contains contractual features which include the stipulation that the contractor was to be governed under its terms by the act of 1894.

This act looks to the security of workmen and furnishers of supplies, and contains not a word regarding the security of the owner of the building.

In stipulating as before mentioned, if the owner of the building is obliged to pay the workmen or the materialman because the contractor has broken the condition of his bond, the right still remains in the proprietor to compel performance by reimbursing him the amount.

The judge of the district court said in an elaborate opinion in this case, which we deem proper to insert here:

"The object of Act No. 180, p. 223, of 1894, as expressed in its title, is for the security of workmen and furnishers of supplies. The owner is required to exact of the contractor the statutory security, and to recover the contract. Nothing more is required of him, and the act does not vest in the owner any right of action whatever against the security on the bond. The act, however, vests in each individual, workman or furnisher, a right of action against the security, and it is this right of action that must be exercised within the period of ninety days from the completion of the building. The act provides that the owner or builder or contractor or undertaker shall be denied the right to question the correctness of any account filed against said building, thus indicating them as defendants in the action. The whole act is permeated with the intention of protecting workmen and materialmen in their just claims against the contractor, and they are the sole beneficiaries of its provisions, the real obligees in the bond. The act does not provide that the bond shall be executed in favor of the owner, but leaves him and the contractor to make any lawful contracts of indemnity that they may deem proper.

"In the case at bar the owner made it one of the conditions of the bond in his favor that the contractor shall pay the laborers and materialmen, as required by the act of 1894.

"Their claims were debts due by the contractor primarily, and at the same time they had the right to proceed against the owner by service of attested account. One of the conditions of the bond is that the contractor shall pay all such claims. Not having done so, and the owner having been compelled to pay one or more of them by judgment of the court, his right of action is one of reimbursement, and did not arise until the payment was made on August 1, 1901. The obligation of the contractor and surety was one of personal warranty, and arose from the contract, and not from the act of 1894.

"The peremption or prescription provided by that statute has no application to this case."

The time limit for bringing the action was directed to those directly protected by the bond, and to whom reference is made in the

statutes. The principal on the bond bound himself to pay them, and they are obliged to sue to compel him within the time mentioned, but as to the owner of the building no such condition is laid down. He had the right, under the law and the terms of the contract, to pay the whole amount as it matured to the contractor, who, if he failed to pay, became liable (also the surety on his bond)—a liability which does not fall, as we take it, within the prescriptive period of the special statute before mentioned. .

This is our view of the liability. The defendant may have good cause to complain of his principal, who broke the condition of the bond.

The amount claimed by plaintiff, Neith Lodge, should have been paid by the contractor to whom it had been paid to be turned over to this firm.

The defendant, Vordenbaumen, as surety, bound himself, in favor of the owner, to pay this very amount.

The obligation of the surety was that the contractor would pay such claims as the one now made the basis of the suit of plaintiff.

It is ordered, adjudged, and decreed that the judgment and decree of the district court and the Court of Appeal are affirmed. The applicant's demand is rejected, and his petition is dismissed, at applicant's costs.