No 3465.

(Court of Appeal, Parish of Orleans.)

MRS. WIDOW THERESA GORDON, vs. JOHN C. STAUB

ET ALS.

This case involves the liability vel non and averred release of a surety on a building contractor's Bond; under the facts of this case the release is not shown.

Appeal from Civil District Court Divisions E. and B.

Fletchinger and Miller, Plaintiff and Appellee.

Rice and Montgomery, Defendant and Appellant.

BEAUREGARD, J. Predicated on the abandonment of his building contract the fixed price whereof was $1370, suit was brought to recover the surplus or excess amounting to $340.83 of the contractor and his surety in solido (the latter bound under the terms of Act 180 of 1894)which excess the plaintiff had been, after said abandonment, compelled to disburse to finish said contractor's work.

The judgment of the lower Court was in Plaintiff's favor in the sum stated above against the contractor and his surety in solido with legal interest from judicial demand and costs, and rejecting the Defendant contractor's reconventional demand.

From this decree the surety alone has appealed. His defense was substantially that if any liability had been incurred by the Defendant, the contractor, he, the Surety, had been discharged, because of violations of the terms of the building contract, under which "payments were not made in accordance therewith".

On careful examination of the record, no force is shown in this defense.

If payments were made en dehors of the terms of the contract by the plaintiff's agent and son to the contractor, they had been authorized by the contractor's surety who was his brother.

If the contractor abandoned his work, it was of the Surety's province on notice of this abandonment and such as was given, to have gone on with the work to escape liability, or borne the loss which the record shows followed; for shortly prior to, or at about the time the contractor withdrew from his work nearly, if not all of the contract price had been paid necessitating the continuance of the work by the plaintiff and the expenditure of the surplus sued for.

The solidary obligation of the Surety on a building contractor's

259

bond has been determined in the following authorities: 105 La. 752-52 A. 2072-50 A. 291.

It is certainly true that the obligation of a Surety are stricti juris but he may at his option-vary or modify these objections so far as he is concerned without altering their scope. What is meant is that a variance (authorized by him) in the payments to be made (as was done in this case) to his principal or for his Principal cannot be conceived as releasing the Surety.

Examination of the Bills due and paid by the plaintiff and owner of the Buildings to be repaired by the Contractor show that they were due and paid during execution of the work and after he had abandoned same.

Appellee is satisfied with the Judgment of the lower Court; and in his answer to the appeal prays for attorney's fees. But this item as well as the damage provided for in the contract were, at the oral argument of this case, abandoned.

The judgment appealed from should be affirmed. An it is now so ordered.

May 30th, 1904.

Rehearing refused June 23rd, 1904.

Writ of review denied by Supreme Court.