---o---

5557.

(Court of Appeal, Parish of Orleans.)

## MRS. ETHEL M. DANIEL vs. E. B. VASQUEZ ET AL. ON MOTION TO DISMISS.

In computing the time in which a suspensive appeal may be taken, neither the day on which the judgment was signed nor that on which the appeal was taken are included.

Appeal from the Civil District Court, Division "E."

A. D. Danziger, B. R. Forman, R. H. Marr, Legier & Gleason, Buck, Walshe & Buck, L. R. Hoover, J. E. Fleury, attorneys.

Geo. B. Smart, attorney for appellant.

DUFOUR, J.—A motion to dismiss this appeal is made on two grounds:

First. That said apeal was not perfected within the time prescribed by law for suspensive appeals, the judgment having been signed on January 25th, 1912, and the appeal bond having been filed on February 7th, 1912.

Second. That the amount of the bond is insufficient.

In computing the time in which a suspensive appeal may be taken, neither the day on which the judgment

was signed nor that on which the appeal was taken is included.

In 29 **An.** **224,** citing **12 R. 421** and **C. P. 318,** the judgment was rendered on January 4th, two Sundays having intervened; the appeal was held to be timely. This is decisive of teh present case. See also **40 Ann. 793; 6 Court of Appeal, 252.**

The bond appears to be for a sum more than one half over the amount of the judgment and is sufficient.

Motion denied.

April 17th, 1912.

## ON THE MERITS.

1. No such privity exists between those furnishing material to a building contractor and the owner as to enable the latter to bind or estop the former by his declarations or admissions.
2. A building is not completed within the meaning of Act 134 of 1906 until it is ready for final delivery and has been tendered to the owner and he has accepted the same, or is in default for not having done so.
3. R. C. C., Arts. 2772, *et seq.,* authorizing laborers, material-men, etc., to arrest in the hands of the owner by the service of attested accounts funds belonging to the contractor, are not in conflict with and were not repealed by Act 134 of 1906, the Statute being merely supplementary thereto.
4. A party will not be relieved of the costs of appeal where the sole amendment of the judgment covers a minor or clerical error that would have been corrected in the lower Court had its attention been seasonably directed thereto.

GODCHAUX, J.– This suit involves a building contract executed with bond as required by the provisions of Act 134 of 1906. The plaintiff owner has deposited in Court a balance on the contract price due the builder,

Vasquez, and against this fund she asserts a claim for demurrage and for an amount expended by her to complete the contract upon the builder's default. She has cited in consurso the surety and sundry furnishers of material whose attested accounts had been served upon her and recorded in the mortgage office. The lower Court recognized the right of plaintiff and of the material men to be paid ratably out of the fund deposited and further gave judgment in their favor against the surety to the extent that this fund was insufficient to satisfy their claims in full.

The appeal is taken by the surety alone whose main defense is that the claims of the material men should be rejected, because they were filed more than forty-five days subsequent to the completion of the work.

The appellant first contends that the date of completion is fixed by the date when the owner took possession of the building; but this contention is without merit, for the plaintiff in taking possession exacted of the builder a written stipulation which expressly recited that the building was not complete and that her action in taking possession should not be considered an acceptance of the work.

Appellant further urges that plaintiff's pleadings fix October 26th as the date of completion and that this is a judicial admission by which the material men are bound. The Court does not so construe plaintiff's pleadings; and moveover, there being no privity between her and the material men, the latter cannot be estopped by any admission on her part from proving the true date of completion.

As to a determination of the date upon which the building was completed we have recently held that "a building is not completed within the meaning of Act 134

of 1906 until it is ready for final delivery and has been tendered to the owner and he has accepted the same, or is in default for not having done so.''

State ex rel. Homestead Association vs. Recorder, No. 5549 of our docket, decided April 1, 1912, not yet reported.

On November 1st, the ''flue linings'' (the lack of which appellant himself concedes rendered the work incomplete), had not been installed; on and subsequent to November 22, mill work and lumber were still being delivered for the purpose of finishing the building, and as late as December 12, sundry omissions and defects still remained to be corrected. This is the latest date at which the record with any degree of certainty fixes the completion of the work and the Court will adopt it as the true date.

Attested accounts were served and recorded within forty-five (45) days of December 22nd by all the material men but one, P. Gilmartin, whose counsel admitted on the argument that this claim was served and recorded too late to hold the surety liable.

Nevertheless, though not entitled to a judgment against the surety, the judgment is correct in permitting Gilmartin to share proportionately with the other claimants in the balance due the contractor and deposited in Court by the owner; for his attested account was served and recorded in time to arrest this fund in the hands of the owner. The codal provisions (R. C. C., 2772 et seq.), conferring this right were not repealed by Act 134 of 1906, the statute being merely supplementary to prior laws not in conflict therewith.

Vonderbaumen vs. J. M. Bartlett et al., 105 La. 752.

The evidence supports plaintiff's demand for demur-

rage and for expenditures in completing the work and all the material men have proved their claims. The judgment consequently requires amendment in so far only as it holds the surety liable upon the Gilmartin claim. As the error is one that would have been remedied below had it been disclosed by appellant on an application for a new trial, its correction here should not carry with it the costs of appeal.

It is accordingly ordered that the judgment appealed from be amended so far only as it decrees judgment in favor of the intervernor, P. Gilmartin, against the surety, L. R. Hoover, the said claim as against the surety being now dismissed. It further ordered that the judgment appealed from be in all other respects affirmed at the costs of the appellant.

Judgment amended.

May 13th, 1912.