————o————

No. 6102.

## FRENCH MARKET HOMESTEAD ASS'N. vs. JOHN O. DEXHEIMER.

### Syllabus.

1. Furnishers of material who file attested accounts with the owner are not entitled to be paid out of the fund in the

hands of the owner by preference in the order of time of the filing. As long as the money remains in the hands of the owner any furnisher has a right to file his account and to participate in the common fund.

2. Filing of a sworn detailed account or statement with the owner and recording the same in the Mortgage Office within forty-five days of the completion of the contract are conditions precedent to recovery against the owner and the surety.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 99,073. Hon. Porter Parker, Judge.

A. J. Peters, R. H. Marr, for plaintiff and appellant.

L. V. Guillotte, Gus. Lemle, Legier & Gleason, James Wilkinson, J. Lautenschlager, E. M. Stafford, attorneys.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff made a contract with defendant for $1,268.45 to erect certain buildings, and defendant furnished the American Bonding Company as surety in the sum of $650.00.

The contract was completed September 13th, 1911. At this time the plaintiff held in its hands a balance of $643.45 still due the contractor, which it had not paid to him owing to the service of attested accounts upon him. Plaintiff deposited this amount in Court and prayed that it be divided among all the claimants.

The case presents two issues. One between the claimants and the fund deposited and the owner, and the other between the claimant and the surety.

The owner enumerates the following accounts, and their correctness has been established, viz:

1. Peter Brand ........................ $14.00
   Attested account served on surety, Oct. 26, and recorded same day.
2. Brandin Slate Co., ................. 97.55
   Attested account served October 25, and recorded same day.
3. John Clado, Jr. .................... 10.55
   Attested account recorded October 28, but not served on owner.
4. Claiborne Avenue Sash Factory Co., Ltd... 180.00
   Attested account served October 25, and recorded same day.
5. Jourdan & Bendle, Agents Decorator's Supply Company .................... 35.00
   Attested account served October 31, and recorded same day, more than 45 days after completion.
6. Peter Judlin ....................... 48.53
   Attested account served October 30, and recorded same day.
7. G. Pitard's Sons ................... 53.72
   No evidence of service of attested accounts except plaintiff's admission, recorded October 20, 1911.
8 Salmen Brick and Lumber Co., Ltd. ...... 437.75
   Attested account contains no mention of kind or quality of material furnished, no evidence of service on owner, except his admission, and no recordation of account.

   Making a total of ................. $877.10

The fund deposited in Court must be applied first to the payment of all the costs of these proceedings in the District Court and in this Court including the Commissioner's fee, not appealed from, and the costs of cancelling all the inscriptions in the Mortgage Office against the plaintiff herein. The balance of the fund shall be distributed equally among the eight claimants above mentioned in the proportion to their respective claims.

In the case of **Hall vs. Wills, 3 A., 504 (508)**, the Supreme Court said: "The Statute of 1844, does not declare that the creditors who notify their accounts shall take rank in the order of time, and its omission to do so is certainly just, for they are to be considered as having all trusted to the same fund. So long as the money which has fallen due under the contract, is unpaid to the contractor or to notifying creditors, any creditor has a right to give notice, and participate in what remains unpaid."

But none of these eight claimants are entitled to a judgment against the plaintiff. It has complied with the law in every respect to relieve itself from liability beyond the amount of the contract, and the judgment against it is without warrant of law and must be reversed. But the plaintiff is entitled to be discharged from further liability under said building contract and to have cancelled, at the expense of the creditors, all the inscriptions in the Mortgage Office against itself resulting from recordation of the building contract and of the attested accounts of the eight claimants hereinabove named.

But the plaintiff is not entitled to retain in its hands, out of the funds deposited, the sum of $142.50 claimed of the contractor as demurrage, nor any amount for attorney's fees for services rendered herein. Act 134 of

1906, provides that the accounts of claimants shall be paid in preference to the demands of the owner.

But we think plaintiff is entitled to a judgment against the defendants, J. O. Dexheimer and the American Bonding Company, for said demurrage **in solido,** at the rate of $2.50 a day for 59 days or $142.50, and that plaintiff's attorney is also entitled to a judgment against said J. O. Dexheimer for fees which we fix at fifty dollars as stipulated in the contract.

As against the surety, the American Bonding Company, we find that the only parties who have filed sworn statements with the owner and recorded the same in the Mortgage Office within 45 days after the completion of the contract, September 13, 1911, say October 28, 1911, are the following, viz:

| | | |
|---|---|---|
| 1. | Brandin Slate Co. | $97.55 |
| 2. | Claiborne Sash Factory Co. | 180.00 |
| 3. | Peter Judlin | 48.53 |
| 4. | and G. Pitard's Sons | 53.72 |
| | | $379.80 |

Peter Brand served his account upon the surety only. John Clade served no account.

Decorators Supply Company served and recorded their account only on October 31, three days too late.

This Court has repeatedly held that filing of a sworn statement with the owner and recording the same within 45 days are conditions precedent to recovery against a surety.

**Duff vs. Demoruelle, No. 6031,** and authorities.

These four claimants hereinabove named shall recover judgment against the American Bonding Company for

the respective amounts due them, as above stated, subject to a credit for whatever sum they may receive as their share from the fund deposited in Court.

And the American Bonding Company shall recover judgment against Daniel Dauner for whatever amount it shall pay to the four parties above named, together with fifty dollars which we fix as the fee due its attorney in this case.

It is, therefore, ordered that the judgment of the District Court be reversed and annulled, except as to the judgment in favor of the material men against John O. Dexheimer, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff herein, the French Market Homestead Ass'n., and against all the defendants herein discharging the said French Market Homestead Ass'n., from further liability under its building contract with the defendant, John O. Dexheimer, and ordering the cancellation of the inscriptions of said building contract, and of all attested accounts of furnishers of materials under said contract at the cost of defendants herein.

It is further ordered that the claims of the following named persons to be recognized for the following amounts with five per cent per annum interest from December 21, 1911, till paid, viz:

1. Peter Brand, fourteen dollars.
2. Brandin Slate Co., ninenty-seven 55/100 dollars.
3. John Clado, Jr., ten 55/100 dollars.
4. Claiborne Avenue Sash Factory Co., Ltd., one hundred and eighty dollars.
5. Decorators Supply Co., thirty-five dollars.
6. Peter Judlin, forty-eight 53/100 dollars.
7. G. Pitard's Sons, fifty-three 72/100 dollars: and

8. Salmen Brick and Lumber Co., Ltd., four hundred and thirty-seven 75/100 dollars.

It is further ordered that the amount of six hundred and forty-three 45/100 dollars herein deposited by the plaintiff, the French Market Homestead Ass'n., be applied first to the payment of all the costs of these proceedings in the District Court and in this Court, including the Commissioner's fee of one hundred and fifty dollars and the cost of cancelling all the inscriptions in the Mortgage Office against the plaintiff herein of the building contract and of the attested accounts of the material men, defendants herein; and that the balance of said amount be distributed equally among the eight claimants hereinabove mentioned, in proportion to their respective claims.

It is further ordered that the plaintiff, the French Market Homestead Ass'n., do have and recover of the defendants, John O. Dexheimer and the American Bonding Company of Maryland, in solido, the sum of one hundred and forty-two 50/100 dollars with fifty dollars attorney's fees.

It is further ordered that the following persons do have and recover judgment against the said American Bonding Co., of Maryland, for the following amounts with five per cent per annum interest from December 21, 1911.

1. Brandin Slate Company, ninety-seven 55/100 dollars.

2. Claiborne Avenue Sash Factory Co., Ltd., one hundred and eighty dollars.

3. Peter Judlin, forty-eight 53/100 dollars.

4. G. Pitard's Sons, fifty-three 72/100 dollars.

Subject to a credit for whatever sum each one may receive as his share of the funds deposited in the Court,

provided that the liability of said Bonding Company shall not exceed $650.00.

It is further ordered that the American Bonding Company do have and recover judgment against Daniel Dauner for such sum as said American Bonding Company shall pay under this judgment together with fifty dollars attorney's fees.

It is further ordered that the costs of the District Court and of this Court be paid out of the funds deposited.

Judgment amended and reversed.

Opinion and decree, May 18th, 1914.

CLAIBORNE, J.—I am of the opinion individually that in a contest between creditors, as is the case herein, the admission of the owner alone is not sufficient proof of service of an attested account upon him.

## On Rehearing.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

1. Peter Brand prays for a rehearing on the ground that the secretary of the plaintiff association testified that his attested account had been served on the association. We find this to be correct. We had been misled by the testimony of Brand himself who, according to the stenographer's notes, testified that he had served his account on the "surety." Brand claims that this is an error, that it should have been "secretary." We will correct the judgment accordingly, and place Peter Brand among the creditors entitled to a judgment against the American Bonding Company, for the sum of fourteen dollars and interest.

2. The American Bonding Company has also applied for a rehearing. It complains that the decree grants a judgment of $50.00 as attorney's fees in favor of the plaintiff and against the Bonding Company, while the opinion recognizes the plaintiff as entitled to a judgment for attorney's fees against Dexheimer alone. This was an oversight in the opinion, inasmuch as plaintiff is entitled to the same judgment against the surety to which he is entitled against Dexheimer.

3. The Salmen Brick & Lumber Co. also pray for a rehearing. They insist that they had served an attested account of their claim in the hands of the owner before the 4th and 5th payments were due, at a time when no other account had been served upon the owner, and that this service gave them a right to be paid by preference over all others out of the funds then in the owner's hands, which are the same funds the owner has deposited in Court. In refusing to grant them this preference, we were guided by the opinion of the Supreme Court in **Hale vs. Willis, 3 A., 504.** The company denies that this decision applies. It also asserts that it is an erroneous construction of Art. 2772, C. C., and that it has been overruled by **Vordenbaumen vs. Bartlett, 105 La., 752, McBurney vs. Bradbury, 6 A., 39,** and **Meyer vs. Bichow, 63 Sou. Rep., 487.** We have examined these authorities, as well as the case **Jahnke Navigation Co. vs. Holmberg, 5 Ct. Appeal, 36,** and we do not think that they discuss or pass upon the question of preference resulting from the service of an attested account. They are all cases between the materialmen and the owner, and not between the material men **inter sese.** We have examined the **Willis** case again and we remain satisfied that our decision in this case is in accord with it.

— 285 —

It is therefore ordered that our previous, judgment herein be amended by granting Peter Brand a judgment against the American Bonding Company for fourteen dollars with five per cent per annum interest from December 31, 1911, subject to the same credit and extent of liability mentioned in our original decree, and that as thus amended the rehearings above mentioned be refused.

Opinion and decree on rehearing, June 15th, 1914.

Writ denied, October 1st, 1914.