On the Merits.
Notice of the filing of the account was entered on the order book, and was published *407 as required by law. No opposition was made, and the account was in due course approved and homologated by judgment of the court. The petition of the receiver gives a statement of his administration, and of the condition of the insolvent estate; and the account annexed gives a detailed statement of receipts and disbursements, and a list of the acknowledged debts, including mortgage notes and judgments. At the foot of the account there is a statement of “contingent liabilities” and “disputed claim” aggregating $6,656.24. Excluding these two items, the account shows an excess of debts exceeding $10,000.
On the trial evidence was adduced showing notice of the filing of the account by entry in order book and by publication, and the receiver testified that the account was correct as to collections and disbursements, giving details as to collections, and producing 61 vouchers covering all disbursements, except three items aggregating $5.75, which he swore he had paid. All the vouchers have been omitted from the transcript, though the note of evidence states that they were “introduced” and “marked.”
The receiver testified that the claims recognized by the account consist of judgments, notes, open accounts, law charges, and costs incurred in his administration. He further testified that most of said claims were taken from the books of the corporation, and that each and every item carried on the account he knew to be. correct, except the approximate final contingent liability. In this connection it may be noted that there is annexed to the inventory taken by order of court a detailed list of liabilities aggregating $13,531.49.
In his petition for appeal, the appellant complained that the judgment of homologation was rendered without evidence showing the existence and validity of the claims on the account, or the insolvency of the corporation, or the necessity of the assessment on subscriptions.
Boiled down, the contention is that the receiver should have proved every claim on the schedule with the same particularity as is required of creditors in eases of suit or opposition. It is argued that the receiver should have produced the original evidence of each and every claim, or a duly certified copy thereof.
This has never been required in practice in the case of the homologation of an account which has not been opposed. When a particular claim is opposed, it then devolves on the creditor to make the necessary proof of its existence and validity. But where it has been allowed by the representative of the estate and placed on his account, and is not opposed, the presumption is in favor of its correctness, and the testimony of the accountant is sufficient to warrant its homologation. See Succession of Rabasse, 50 La. Ann. 746, 23 South. 910.
It is the duty of a receiver to call for and inquire into all claims against the estate under his administration, and to file a statement of its liabilities.
In this very proceeding we ordered the receiver to cause an inventory to be made, and to file a statement or schedule of the liabilities of the corporation for the information of all parties in interest. See Insurance Co. v. Walle, 105 La. 89, 29 South. 503. He complied with our order, and the statement of liabilities filed by him and appearing in his account was not contested or opposed by any one. This official act, amounting to an acknowledgment by the representative of the estate of the correctness of the claims on the schedule, and dispensing creditors from the necessity of proving their debts by suit or otherwise until contested by opposition, creates a prima facie presumption of the validity of such claims; and when no opposition is made to their approval *409 and. Homologation, and the receiver testifies that he knows they are correct, the evidence is sufficient to warrant a judgment recognizing them as debts due by the estate.
The appellant made no opposition to the homologation of the account — did not contest any of the liabilities appearing thereon —but now complains that the evidence was not sufficient to prove their existence and validity. We think that the proof was sufficient to make out a prima facie case. Any other rule would require particular proof by the receiver of every undisputed claim against the estate.
Appellant made no objection to the homologation of the account, but objects to paying his subscription. The case on the subscription is not before the court, but if the receiver should collect from appellant more than is necessary to pay the debts and costs of administration, and to equalize the rights and liabilities of stockholders, the receiver would be bound to restore such excess. See Insurance Co. v. Walle, 105 La. 89, 29 South. 503.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed; appellant to pay costs of appeal.