No. 1457.—Succession of M. Morgan and W. R. Morgan *v.* P. L. Morgan et als. (Consolidated.)

An appeal from a judgment removing a testamentary executor from office will be dismissed, if it appear that the plaintiff in the proceeding in the lower court has not been cited, nor made appearance in the appellate court.

One coproprietor of property held in common, can not be judicially compelled to incur a debt for improvements, in accordance with the views and wishes of the other, on the property held in common. In determining a question of this kind, courts are not required to call in aid natural law and reason, because the lawmaker has made ample provision for the protection of the rights of coproprietors.

APPEAL from the Second District Court, parish of Orleans. *Thomas,* J. *Bradford, Lea & Finney,* for appellants. *A. Hennen* and *B. R. Forman,* for appellees.

Howell, J. W. R. Morgan, as executor and heir of Matthew Morgan, deceased, and trustee named in the will, brought suit against the widows and heirs of said Matthew Morgan and of George Morgan, deceased, residing in New York, coproprietors with him of a certain valuable lot in this city, the building on which had been destroyed by fire, to have himself authorized to rebuild thereon such a store as, in

the opinion of experts to be appointed by law, will most promote the interests of all the parties concerned, and in order to do so to be authorized to borrow $50,000, to be secured by mortgage or lease of said premises.

The widow and heirs of George Morgan acceded to the prayer of the petition, and offered to contribute ratably to the erection of the proposed building, but asked to be saved from costs of suit. The curator ad hoc, appointed to represent the other defendants, answered, denying the right of plaintiff to ask and the authority of the court to grant the relief sought, and averring that all the property of the succession of Matthew Morgan situated in this State is subject to the usufruct of his widow, pending which neither she nor the children of said M. Morgan can be required to make the improvements demanded by plaintiff, who has only the naked ownership of one twenty-fourth of the property in controversy.

In the meantime, one of the heirs of Matthew Morgan filed a petition in the mortuary proceedings to rescind the order appointing W. R. Morgan testamentary executor. The two suits were consolidated, and judgment was rendered removing W. R. Morgan as testamentary executor, and granting his prayer for authority to remove the old walls on said property, or rebuild new stores under the direction of an architect appointed by the court, if not selected by the parties, at any cost less than $75,000, and constituting him a creditor of his coproprietors for their shares of the cost, and giving the defendants sixty days to agree upon some course before the plaintiff shall exercise his choice.

From the judgment so rendered, the curator ad hoc or the widow and heirs of Matthew Morgan took a devolutive appeal by petition. In answer to the appeal, W. R. Morgan asked that the judgment depriving him of the executorship be reversed, and one rendered authorizing him to give security and act as executor.

If it be considered that the appellants appealed from this judgment of removal, we can not revise it, as the plaintiff in the proceeding, Edward Morgan, has neither made appearance nor been cited. Upon the other branch of the subject, it is said: "As Louisiana has no express law to regulate the proceedings and make proper provision in the matter, the court must decide according to natural law and reason. C. C., art. 21."

We are unable to recognize any law or reason in the judgment or demand. Our code has made ample provision for the protection of the rights of coproprietors of property, in which, however, is not embraced the right to judicially force one to make a contract and incur a debt for the improvement of property according to the view of another. The record discloses no grounds for a resort to the exercise of such

Succession of M. Morgan and W. R. Morgan v. P. L. Morgan et als.

*equitable* powers as are invoked by the plaintiff in these anomalous proceedings.

We perceive no force in the suggestion that the defendants have voluntarily carried out the decree of the lower court.

It is therefore ordered that the appeal, as to the judgment depriving W. R. Morgan of the executorship, be dismissed, and that the judgment in his favor authorizing him to rebuild on and mortgage the property in question be reversed, and that there be judgment in favor of defendants, rejecting his said demand, costs of both courts to be. paid by him.

Rehearing refused.