## No. 11,216.

### SUCCESSION OF BLANCHE E. DUMESTRE, ON OPPOSITION TO THE ADMINISTRATOR'S ACCOUNT.

The active mass of a partition should include a statement of all the assets of the succession and a statement of the amounts which each of the heirs owes to the succession.

The husband, as head of the community, and not the wife, is responsible for rent of property occupied by him and his wife, who is an heir and has an interest in the property.

A PPEAL from the Civil District Court for the Parish of Orleans. Voorhies, J.

*Sambola & Ducros* for Opponent and Appellee:

1. The active mass of a partition account must include all the assets of the common estate, from whatever source derived. R. C. C. 1349, 1350, 1355 to 1358 and 1398.
2. Ordinary creditors of a sharer, their debtor's privies, have no greater right than he in the partition of the common estate. 4 Toullier, No. 411; 1 Larombiere, p. 676; 4 Marcade, p. 398, and 5 Marcade, p. 181.
3. Renunciations are not presumed. 28 Merlin, Rep., *verbo* renunciation, Sec. 3, No. 1; 2 Zachariæ, p. 399.
4. The mortgage of a co-owner's creditor is transferred by law to the former's share in the proceeds of the licitation. R. C. C. 1338, 1353; 38 An. 108.

*Louque & M'Gloin contra.*

The opinion of the court was delivered by

BREAUX, J. Alexis Dumestre and his wife acquired community property.

They left ten children; only two were of age.

Mrs. Alexis Dumestre survived her husband.

By a decree of court the community property was adjudicated to her at the appraised price of the inventory.

She became thereby the owner of eighteen-twentieths of the property, and the heirs of age of the remainder in indivision.

The mortgage of the minors was fixed at $15,204.39.

Mrs. Dumestre died insolvent.

Arthur Gastinel became the tutor of the minors.

Subsequently, Bernard Maylie was appointed administrator of the succession.

The tutor filed a provisional account prior to Maylie's appointment, in which he alleged that it fixed the status of the succession, and the privileges and mortgages due.

By this account it appears that the amount of sales by public auction made November 5, 1887, was $21,650; insurance stock $96.

The adjudication of one of the properties was not perfected; the amount of the sale was thereby reduced by $6225, leaving $15,521 as the balance for which the tutor was accountable.

He received, proceeds of this sale, in cash, $11,196; in mortgage notes, $4325.

Under the advice of a family meeting he retained the mortgage notes for the minors. He also retained furniture for them valued at $220.

After the debts had been paid there remained of the cash $3407.42, as per his account.

The administrator subsequently filed a final account, in which he charged himself with $11,030.55 realized from sales made under his administration, and other amounts received.

| | |
|---|---:|
| In this amount the liabilities under the heading of law charges amounted to.. | $1348 44 |
| Taxes | 818 32 |
| Insurance and repairs | 170 65 |
| | $2337 41 |

The minors are charged with the interest retained by the tutor, being a total of $9747.42.

| | |
|---|---:|
| Amount due the minors secured by mortgage | $15,204 49 |
| From sales of property mortgage placed to their credit | 15,071 50 |
| Balance (ordinary debt) due the minors | $132 99 |

Comparing the last account, that of the administrator, with the judgment of the court *a qua*, we discover no difference in so far as relates to assets and liabilities.

The assets in each are $11,030.55; liabilities, $2337.41.

Hypolite Begué, assignor of Guillaume Soulis, appellee, held a note of John B. Dumestre, one of the majors, for $700, endorsed by his mother.

As a guarantee of payment, the maker, Dumestre, mortgaged his interest in the said common property.

The account of administration was opposed in the lower court by the assignee of this claim: by Soulis, assignee of Begué, and by Blanche E. Dumestre, wife of Moulledoux, the other heir of age.

The judgment of the court *a qua* allowed Soulis the full amount of his claim, which then amounted to $985, with interest and cost, and a balance of $40.73 to J. B. Dumestre, and to Mrs. Moulledoux $1025, thereby increasing the amount of each by adding $594.90.

From the judgment two of the creditors and the administrator have appealed.

The opponents before the lower court ask that the judgment be affirmed.

### ERROR IN THE ACCOUNT OF THE TUTOR.

The administrator, as appellant, interposes the objection that he can not be made responsible for property he has not received, and for which he says he can not bind the succession to account.

It is not sought to make the administrator responsible for the payment of amounts he has not received.

It is true that part of the amounts which figure in the account as amended by the District Court were received by the tutor and not by the administrator. Equalizing the share of each and deducting the indebtedness of those who owed certain amounts, his responsibility is not increased.

In the subsequent account, that of the administrator, the minors having previously received more than their portion, the major heirs claimed and were allowed an amount equal to that overpaid to the minors.

In a final account the heir's indebtedness to his co-heirs should be settled. C. C. 1349.

The final account should include all sums each of the co-heirs has received. C. C. 1358, 1356. Equality is the basis. 1229.

The tutor committed an error by crediting the minors with the whole balance in his hands.   The major heirs did not abandon any of their rights to their portion.

The minors were correctly charged by the lower court's judgmeno, sums retained for them by their tutor, to which they had no right.

The administrator has sufficient funds in hand to pay the amount due the major heirs and the ordinary claim.

The remainder remains to the credit of the minors.

### FURNITURE.

Concerning the active mass it is in place to state that the amount of $220 is correctly charged, being an amount for furniture retained by the tutor of the minors under a judgment.

### RENT.

A claim for rent against Mrs. Moulledoux was not allowed.

It was not error to reject this claim as not due by her.

It is not proven that she was the tenant of the property for which it is sought to compel her to pay rent.

The property was occupied by her and her husband, and the rent is due by the husband, the head of the community.

In Berthelot vs. Fitch et al., 44 An. 503, to which our attention is directed by appellant's counsel, the donees, ordered to collate, were charged with rent on property donated to them. They owed collation and rents on the property. There was no question about the responsibility of the husband, and no defence was made on the ground that it was an indebtedness of the husband.

In the case at bar there was no collation ordered, and the wife specially defends against the claim for rent.

### ADMINISTRATOR'S ACCOUNT.

We have before stated that there is no difference between the administrator's account proper and that account as amended by the judgment of the District Court.

Each fixes the same balance to the credit of the minors, viz., $5323.50, secured by mortgage.

Ordinary creditors, $132.99.

Assets, less liabilities, amount to $8693.14.

Share of each heir, $434.68.

Of the account which precedes the administrator's account we

have already noted that the major heirs were not allowed any interest in the assets.

The District Court remedied the error to some extent, but did not allow the full amount of the debts.

### AMOUNT OF LIABILITIES IN FIRST ACCOUNT.

A major heir, and a creditor who represents the right of another major heir as owner, allowed the tutor to take possession of the prop-, erty, have it sold and exercise all the functions of an administrator.

Expenses were incurred under this administration, and privileges and mortgages are set forth on the homologated tutor's account.

This major heir and creditor have admitted the amount in their brief, viz., $7793.58.

In addition they thave claimed the proceeds of the sale and the benefit of the administration.

*Qui sentit commodum sentire debet et onus.*

The administrator's account shows a sum received of $800, previously debited on the tutor's account, which must be deducted from the tutor's statement of assets, appearing in his account, and from the liabilities, also $450, a sum reserved for taxes, for which the administrator gives credit.

| | |
|---|---:|
| Therefore the assets are | $16,741 50 |
| The liabilities | 7,304 48 |
| Balance | $9,436 02 |
| The interest of each of the major heirs (1-20) on the tutor's account equals... | $471 65 |
| The interest of each on the administrator's account proper | 434 82 |
| Total | $906 47 |
| The heir and the assignee of the co-heir, also a major heir, together are entitled to | $1,812 94 |
| Amount heretofore allowed | 2,050 38 |
| Balance | $237 44 |

To be added to the balance to be distributed among the ordinary creditors, *i. e.*, $1318.66+$237.36=$1556.02.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the claim of Guillaume Soulis, assignee, to $906 (nine hundred and six dollars), and by rejecting the amount of $40.15, which is placed to the credit of J. B. Dumestre.

The amount to the credit of Mrs. Blanche Ernestine Moulledoux is also reduced to nine hundred and six dollars.

The balance, after reductions as just ordered, viz., $237.36, is added to $1318.66, balance in the judgment appealed from, making total of

$1556.02 to be distributed *pro rata* among ordinary creditors, that is .369,942 on the dollar.

The judgment as amended is affirmed at costs of appellees.