Succession of Rabasse.

---

## No. 12,784.

### SUCCESSION OF DR. EUGENE RABASSE.

Any party in interest may obtain the judgment homologating the account of the executor.

The affidavit of the executor to the correctness of the account suffices for the judgment of homologation. C. C. 1172, 1173; 29 An. 521, 327; 21 An. 511.

The judgment of homologation, when final, precludes subsequent oppositions, and entitles the parties placed on the account to the distribution fixed by the account and judgment. C. C., Art. 1065; 12 La. 121; 4 An. 450; 1 Hennen's Digest, p. 759, No. 2.

Reserving enough to cover oppositions, the executor may be required, when the account is homologated, to pay the amounts to the parties placed on the account as entitled to such amounts.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*E. J. Meral, J. N. Augustin* and *Chas. F. Claiborne* for Heirs, Plaintiffs in rule, Appellees.

*Henry Chiapella* and *Solomon Wolff* for Executor, Defendant in rule, Appellant.

Argued and submitted April 23, 1898.
Opinion handed down May 16, 1898.
Rehearing refused June 24, 1898.

The opinion of the court was delivered by

MILLER, J. The appeal is by the executor of the deceased from the judgment directing the payment to the heirs of the deceased of the amount shown by the executor's account homologated to be in his hands accruing to the heirs, the judgment providing that the executor should, however, retain a sufficient sum to cover oppositions to the account.

The executor's account, exhibiting a large sum over the debts of the deceased, was homologated on the application of the heirs. They had previously opposed some of the charges on the account, and oppositions had been made by parties claiming to be creditors. The demand of the heirs on the rule now before us on this appeal is that the executor, retaining enough to cover the oppositions, pay to the heirs the residue in his hand and the lower court made the rule absolute.

The executor's resistance to this judgment is placed substantially, on the grounds that the heirs could not apply for the homologation of the account; that the judgment of homologation was obtained on no evidence, but it is conceded the executor appended the usual affidavit of the correctness of the account when he filed it; that the heirs had opposed the account, and finally that the succession is not closed.

When the legal notices of the filing of an executor's account have been given, as required by law, and the legal delays for oppositions have expired, it is settled that any party in interest may require the account to be homologated. The objection that the account was not proved if the executor could be deemed entitled to take that ground, is answered by his affidavit to the correctness of the account, the usual evidence required by our jurisprudence, and for many years it was considered the codes exacted no evidence to homologate the account. C. C., Arts. 1172, 1173; Succession of Planchet, 29 An.

521; Succession of Cloney, 29 An. 327; Succession of Ross, 21 An. 511; Succession of Dougart, 30 An. 270. We do not understand that the opposition of the heirs to some of the charges in the account, which, if sustained, would increase the amount coming to them, precludes them from demanding payment from the executor of the amount shown by the homologated account to be in his hands, over and above every debt he places on the tableau; provided, enough is retained by him to cover oppositions filed by creditors. Lastly, the judgment of homologation precludes any demand in respect to the fund the account proposed to be distributed, not made by oppositions when the judgment is rendered, and that judgment, when final, closes litigation as to the fund and entitles the parties placed on the tableau to the distribution the account proposes. C. C. 1065; Franklin vs. The Syndics of Warfield, 2 La. 127; West vs. Creditors, 4 An. 450; Ory vs. His Creditors, 12 La. 121.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed at appellant's costs.