DeGrilleau et al. vs. Boehm.

No. 13,712.

Mrs. A. DeGrilleau et al. vs. Mrs. Lisette Boehm, Wife of William E. Seebold.

### Syllabus.

1. This court is a court of record, and, sitting as an appellate tribunal, exercises jurisdiction only of matters which appear from the record to have been presented to, and considered by, the court of first instance.

DeGrilleau et al. vs. Boehm.

2. Where a defendant in rule pleads thereto in the District Court, in writing, whether the pleading be called an exception or answer, and, thereafter, and without further pleading, participates in the trial of the rule upon its merits, and there is nothing in the record to show the contrary, this court must presume that the only defense offered in the District Court was that presented by the pleading filed, and hence, that the only issues to be determined on the appeal are those which are so presented.

3. In this case, the sheriff having taken a rule on the seizing creditor, the trustee in bankruptcy of the defendant, the city of New Orleans and the State of Louisiana, to show cause why certain funds, realized by him under execution, should not be distributed, the trustee objected and excepted to the proceeding upon two distinct grounds, and in writing, and, the objection being overruled, participated in the trial on the merits without further pleading. *Held,* that, on the appeal, taken by such trustee, from the judgment rendered, this court can take cognizance only of the issues raised by the pleadings filed, and that if the objections presented by such pleadings are abandoned the judgment will be affirmed.

A PPEAL from the Civil District Court, Parish of Orleans.—*St. Paul, J.*

*Dinkelspiel & Hart,* for H. B. McMauray, Civil Sheriff for the Parish of Orleans, Plaintiff in Rule, Appellee.

*Carroll & Carroll,* for Mrs. A. DeGrilleau *et al.* Plaintiffs, Defendants in Rule, Appellees.

*Francis C. Zacharie.* for State Tax Collector, Plaintiff. Defendant in Rule, Appellee.

*Florance & Rosen.* for C. O. Wilcox, Trustee of Mrs. Lisette Seebold, Bankrupt, Defendant in Rule, Appellant.

*Arthur McGuirk,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for City of New Orleans, Defendant in Rule, Appellee.

The opinion of the court was delivered by

MONROE, J. It appears from the record in this case that, upon the 13th of March, 1900, judgment, by confession, was entered in the Civil District Court of the Parish of Orleans in favor of the plaintiffs and against defendant in the sum of $2,974.99, on a claim for the rent of a store in New Orleans, and, the delays being waived, execution issued upon the same day and the contents of the store were seized, together with

the right of occupancy during the unexpired term of the defendant's lease, and, after due advertisement sold, by the sheriff, who received the proceeds.

Thereafter, and whilst said proceeds were still in the hands of the sheriff, the defendant went into bankruptcy, and, upon June 7th, proceedings were taken in the State and Federal Courts, as follows:

The sheriff took a rule, in the State court, alleging that he was in possession of $2,059.03, proceeds of property sold by him under execution in the above entitled suit; that C. O. Wilcox, the trustee of the bankrupt defendant, was claiming the same; that the City of New Orleans and the State of Louisiana were demanding the payment of taxes therefrom; and that the plaintiffs in the case had notified him not to pay said money to said trustee; and he prayed that the parties named be ordered to show cause why the court should not direct him as to the disposition thereof.

The trustee, Wilcox, presented a petition to the Circuit Court of the United States, alleging the seizure and sale, for rent, and the fact that the sheriff was in possession of the proceeds, as has been stated; that the defendant had made a surrender in bankruptcy of all of her property, including the said proceeds; that the adjudication in bankruptcy operated a stay of proceedings in the suit in which said seizure had been made; that the proceeding in the State court was founded upon a claim from which the discharge in bankruptcy would operate a release; that the levy by the sheriff had been made within four months prior to the adjudication in bankruptcy and was discharged thereby; and that the sheriff was about to distribute said proceeds and should be enjoined from so doing and ordered to turn the same over to the petitioner as the trustee of the bankrupt. Upon this petition, a rule *nisi* was issued, and a restraining order was made and served, directing that the funds in question should be held until the further order of the court. And, in the meantime, the rule taken by the sheriff was also duly served.

The plaintiffs herein appeared in the United States Court, in answer to the rule *nisi*, and showed cause why the injunction prayed for should not issue; and, upon June 15th, the application of the trustee was denied and the restraining order rescinded, and from this ruling the trustee appealed. Thereafter, upon July 3rd, the rule taken by the sheriff having been reassigned for that day, was called for trial in the State court, and the trustee made an appearance, as follows:

"C. O. Wilcox, trustee of Mrs. Lisette Seebold, bankrupt, excepts to this rule and objects to its trial; (1) Because there is pending an appeal, with *supersedeas* from the United States Circuit Court for the Eastern District of Louisiana to the Circuit Court of Appeals for the Fifth Circuit (from a judgment on) a rule, coupled with a restraining order, issued by the United States Court aforesaid, on the application of exceptor, directing the sheriff of Orleans to pay over the funds in question herein to said trustee of said bankrupt, and that said sheriff remains restrained thereby. (2) That no judgment can be rendered in this matter during vacation, it being a judgment requiring signature and ordering payment of money and being final in nature."

From the note of evidence made at that time, it does not appear that the trustee made any other than the foregoing defense to the sheriff's rule to distribute. On the contrary, the recitals of the note, in so far as they bear upon that question, are as follows: "Mr. Florance, on behalf of the trustee in bankruptcy of Mrs. Seebold, files an exception" (which is set forth as given above, after which the note proceeds.) "The court rules as follows: The property sold under *fi. fa.* issued in this case, the proceeds of which are in the hands of the sheriff, having been seized before the bankruptcy proceedings were instituted, the first objection is overruled; as to the second objection, as to the trying of the case at this time, the court will allow the testimony to be taken to-day, and take the matter under advisement." There is nothing to indicate that any further grounds of defense were set up on behalf of the trustee, either in writing or orally, but the note of evidence contains the further recital that, "Mr. Florance, on behalf of C. O. Wilcox, trustee of Mrs. Lisette Seebold, bankrupt, and reserving the exception, hereinbefore filed, to the jurisdiction of this court on the trial of this rule, offers in evidence, in support thereof, the motion and order of appeal and *supersedeas* in the case No. 12,878 of the United States Circuit Court for the Eastern District of Louisiana. And it is admitted that this motion for appeal and *supersedeas* has been perfected by the filing of the motion and bond. But this admission is made with the express reservation that an appeal and *supersedeas* from a restraining order is unheard of, and cannot operate to stay proceedings in this court."

The other parties, defendant in rule, having filed their answers, the trial proceeded, and, upon July 10th, the rule was made absolute, and the sheriff was ordered to pay to the city and State the taxes claimed

by them, respectively, and to turn the balance of the funds in his hands over to the plaintiff in the suit. And from this judgment the trustee has appealed. It is admitted in this court that the Circuit Court of Appeals subsequently affirmed the judgment of the Circuit Court, dismissing the trustee's application for an injunction, etc., and the objections urged by the trustee to the trial of the rule in the State court, based on the pendency of the appeal to said Circuit Court of Appeals, and to the effect that said rule could be tried only in term time, have been specifically abandoned; and the trustee relies here, exclusively, upon other grounds, which, so far as appears from the record, were never presented to, or considered by, the District Court, from which this appeal comes. Under these circumstances, and as this court is a court of record, and is sitting in this case as an appellate tribunal, with jurisdiction only of matters which have been passed on by the court of first instance, and as all such matters, so far as the record discloses, have been withdrawn from the controversy by the admission of the counsel for the appellant, we have no further function to discharge than to affirm the judgment appealed from. It may be, and no doubt is, a common practice in the District Courts for a defendant in rule to answer orally, and, where no appeal is contemplated, the practice has its advantages. But the practice is equally common for such defendant to present all of his defenses at one and the same time, where the defenses presented are reduced to writing, whether in the form of exceptions or answer, and when the party goes to trial upon the merits of the rule, without further pleading, this court cannot do otherwise, on the appeal, and particularly in the absence of anything in the record to show the contrary, than to presume that all the defenses that were urged are disclosed by the record.

Judgment affirmed.

Rehearing refused.

BLANCHARD, J., dissents, holding that it having been brought to the attention of the State court that proceedings in bankruptcy have been taken, all proceedings in the State court are stayed and all matters at issue are to be referred to the court seized of the bankruptcy proceedings.