PROVQSTY, J.
Plaintiffs sue for a partition, the same to be made in kind, if possible;, their interest being one-third. They allege that the interest of defendant is two-thirds, and that for some time past defendant has been administering the common property and collecting the rents, and should be made to account for one-third of said rents. The property consists of lots in different parts of Bossier City. Plaintiffs and their former co-owners, from the latter of whom defendant acquired the two-thirds interest which he now owns, suffered the property to remain unimproved and unproductive. Defendant first acquired a one-third interest. As soon as he had done so, he consulted the plaintiffs and his other co-owners about putting improvements upon the property. The plaintiffs gave no encouragement, and the other co-owners refused. He then prodeeded to build a number of small frame houses on two of the lots at his own expense, and to rent them and collect the rents for his benefit. It is one-third of these rents plaintiffs are demanding.
Defendant asks that the partition be by licitation, and that the houses and other improvements be decreed to be his separate property, and that these improvements and .the land upon which they stánd be separately appraised, and that the price of the partition sale be apportioned on the basis of this appraisement, and that the price of the improvements be paid to him. He denies that he owes plaintiffs any part of the rents which he has collected, for the reason that, so long as he did not interfere with the equal right of plaintiffs to occupy and enjoy the common property, he had the right to occupy and enjoy two-thirds thereof, and that he has been thus occupying and enjoying far less than that proportion, and, moreover, has done so with the tacit consent of plaintiffs, since plaintiffs had full knowledge in the premises and made no objection.
Plaintiffs ask in the brief that certain other lots owned jointly by the parties in the same town be included in the partition, although the partition of these other lots has not been asked, either in the petition or in the answer. This court is powerless to grant that request. Only the property whereof the *557 partition is sued for can be included in the decree.
The evidence goes very far towards showing, if it does not absolutely show, that the property is divisible in kind, even with the improvements on it. But no witness says, or could say, that it would not be so divisible without the improvements. Not one of the lots but is large enough for subdivision into several town lots. The improvements cannot be allowed to stand in the way of a partition in kind, because a co-owner cannot deprive his co-owner of the right which he has to a partition in kind, by putting improvements upon the common property. He has no right to put the improvements on the property, and does so at his peril. Morgan v. Morgan, 23 La. Ann. 502; Bayley v. Denny, 26 La. Ann. 255; Jordan v. Anderson, 29 La. Ann. 749; Walker v. Barrow, 43 La. Ann. 863, 9 South. 479. We shall therefore order the partition to be made in kind.
So long- as defendant did not interfere with the equal right of his co-owners to occupy and enjoy their proportionate share in the property, defendant had the right to occupy and enjoy his proportionate share, without thereby incurring any obligation to his co-owners for the use of the common property. He did no more than this, and did it after, a fair offer to his co-owners. He does not, therefore, have to account to his co-owners for any part of the rents he has received.
The cases apparently to the contrary, such as Sharp v. Zeller, 114 La. 549, 38 South. 449, and Moreira v. Schwan, 113 La. 643, 37 South. 542, are eases where the property, as owned in indivisión, was in a condition to yield revenues, and was in fact revenue yielding. In the instant case the property in its unimproved condition was not yielding revenue. The rents in question were the result of the separate efforts and expenditures of defendant. The cases analogous with the present one are those of Becnel v. Becnel, 23 La. Ann. 150, Balfour’s Heirs v. Balfour, 33 La. Ann. 297, and Toler v. Bunch, 34 La. Ann. 997.
Prior to the institution of this suit, defendant had sold to other persons, not made parties to this suit,' a considerable part of the property of which plaintiffs ask the partition. As to the property thus sold, of which the co-owners are not parties to this suit, no decree, as a matter of course, can be rendered in this suit. The only property of which the partition can be decreed in this suit is as follows:
(1) A lot or parcel of land, being bounded on the south by right of way of the Vicksburg, Shreveport & Pacific Railway Company, or more properly by the public street or public road known as the “Benton road,” separating said lot or parcel of ground from the right of way of said railway company, and on the west by Red river, and on the north by land or lot belonging to W. B. McCormick, and on the east by the levee; said lot or parcel of land being marked and designated “Sorrell Timberlake” on said map annexed to plaintiffs’ petition, said lot or parcel of land being also marked and designated as “lot No. 10” on the map of a subdivision of certain lands in section 30, township 18, range 13, made by C. McClenaghan, and recorded in the recorder’s office of Bossier parish, except the portion of said lot 10 previously sold to J. H. Belcher.
(2) Also a certain lot or parcel of land, bounded on the north by land or lot belonging to W. B. McCormick, and on the south by land or lot belonging to said W. B. McCormick, and on the west by Red river, and on the east by the levee, and marked and designated “Timberlake Sorrell” on said map annexed to plaintiffs’ petition, and said lot or parcel of land being also.marked and designated as “lot No. 8” on the said map of said subdivision of certain lands in section 30, township 18, range 13, made by C. Me *559 Clenagban, and recorded in the recorder’s office of Bossier parish, La., except the portion of said lot 8 previously sold to Mrs. Annie Smith.
(3) Also a certain lot or parcel of land, marked and designated on said map annexed to plaintiffs’ petition, as “52,” containing 3.08 acres.
(4) Also a certain lot described as follows: Commencing at a point on the north boundary line of the street marked and laid down on the lower end of the map of the Stockwell subdivision of Bossier City, made by Dr. W. T. Whitworth, and recorded in the recorder’s office of Bossier parish, La., in Book 12 of Conveyances, on page 705, known as “Bossier street,” 20 feet west from the center of the levee, and from said starting point running thence east to the southeast corner of the 12%-acre tract of land marked and designated on said map as “Timberlake & Prather,” and running thence north 302 feet, and running thence west on a line with the continuation of the south boundary of lot No. 16 on said map about 308 feet, to a point on the east boundary line of Second street as marked and designated on said map, and thence southwardly with the eastern boundary line of said Second street to a point of intersection thereof with the continuation of the north boundary line of lot No. 14 on said map, and then co eastwardly with the continuation of said north boundary line of said lot No. 14 to a point 20 feet west from the center of said levee, and thence southwardly to the point of beginning.
If any of the improved lots fall to plaintiffs in the partition, the plaintiffs will have the right to require defendant to remove the improvements at his own expense. This consequence follows as the necessary result of the absence of right on the part of defendant to have put these improvements on the property. Defendant will have the equal right to remove the improvements, even though plaintiffs should desire to keep and pay for them.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and it is now ordered, adjudged, and decreed that the property hereinabove described be partitioned in kind, and that this case be remanded to the lower court for the carrying out of the present decree by the appointment of experts and other proceedings incident to a partition in kind; that the demand of plaintiffs for rents and revenues, and that of defendant for value of improvements, be rejected. The costs of this appeal, as well as all other costs, to be divided.