BREAUX, C. J.
Plaintiff brought this action against defendant to recover the sum of $3,417.70.
Plaintiff is the daughter of defendant. Her father, husband of defendant, Noemie Laroque Turgeau, nSe Letellier, viz., Chas. Albert Laroque Turgeau, departed this life on the 14th day of December, 1910.
Her father, a short time prior to his death, inherited from the succession of his father and mother the sum of $3,417.70, which he received about December, 1910. This amount was the consideration of three checks, which the payee indorsed and handed to his wife, saying to her, in substance, that they were hers as a gift from him; that she must deposit the amount in bank to her credit. It was accordingly done by the defendant, Mrs. Turgeau.
This amount plaintiff claims, and also one-half of the community property existing between the late Chas. Albert Turgeau and his surviving wife, the defendant.
The defense admitted that the amount claimed by her daughter was received in checks, afterward indorsed by her late husband, and deposited by her in bank to her own credit. Defendant alleges that these checks represented a manual gift made by her husband to her. She further admitted that plaintiff, an only heir of her husband, and her only child, has a right of action in reduction of the manual gift in excess of the one-third, less small amounts, not disputed by plaintiff, and funeral expenses, $90.60.
Mrs. Turgeau, the defendant, admits the $90 should be added to the foregoing amount; that is: $3,417.70 plus $90.60 equals $3,508.30.
Mrs. Turgeau, the defendant, also claims a credit of $551.37, amount of paraphernal funds which, she avers, were used to pay household expenses, incurred, we take it, some time prior, during an illness of her husband when he had nothing of worldly goods, and was unable to work.
Plaintiff answered defendant’s appeal, in which she alleges that $3,418.90 of the amount before stated was paraphernal, and was given the defendant for “deposit in bank, with intention to make a different distribution than she made of same after her death.”
That, from the admission of Mrs. Turgeau in regard to the amount received by her, it was the intention of the late Mr. Turgeau to divide the sum into three shares, one-third to the mother, one-third to the father, and one-third to the daughter, the plaintiff, and in this answer she (appellee) asks for an increase of the amount allowed her by the district court.
She filed a second answer to the appeal, in which she raised an issue not raised nor discussed originally, to wit, that the husband, by transferring this amount to his wife, divested himself of all the property he owned, and she asked that the judgment be amended by striking out of the judgment the amount of the manual gift.
*653 [1] We take up for decision the question whether there was a manual gift by the husband to his wife. Handing the checks, made to his order, after he had indorsed them, to his wife, and his utterances, was a donation, is the contention of the wife, Mrs. Turgeau. The three witnesses agreed in stating that he gave them to defendant, Mrs. Turgeau, “to use and do as you please.” There is no evidence to the contrary. The intention of the donor was clearly expressed, and leaves no room for doubt as to his purpose at the time that he handed the checks to his wife.
Plaintiff, in her answer to the appeal, refers to this donation in words manifesting on her part a consciousness that it was a manual gift. She in effect alleges that it was a manual gift, but adds that on a condition not fulfilled by the defendant; that after the death of her husband she changed entirely the intention which he had at the time that he gave the checks to her, and when she deposited the amount collected on these checks.
These are mere assumptions on the part of plaintiff; for there is no evidence before us of the least request of the donor as to what was to be done with the amount. He gave the amount to his wife. It was delivered; and she accepted the gift as made. The expressions of the mother as to the intention of the father afterward, as mentioned by her, give rise to the thought that the father was of the impression that in donating the amount to the mother it would be used for the benefit of both mother and daughter, although he said nothing directly upon the subject.
The donor was, we infer, an intelligent man, lettered and devoted to his wife and child. There are manifestations of feeling on his part which lead to that conclusion. He did not foresee the possibility of differences arising between mother and daughter that would result in litigation. He gave the amount under circumstances clearly manifesting the intention that it was an absolute gift.
Under an article of the Civil Code, the validity of such gifts has been frequently decreed.
[2] The plaintiff, Mrs. Randall, on appeal, denies that the manual gift is legal and binding, because, as she urges, the donor, the late Mr. Turgeau, divested himself of all his property.
No plea on this ground was made, either orally or in writing, by plaintiff.
We have again and again decided that all pleas, whether orally or in writing, should in some way be made before the court of the first instance. The well-settled jurisprudence is not questioned; but it is urged in this instance it is exceptional, and that, in view of the particular state of the case, plaintiff is entitled to be heard before the appellate court to urge the new plea.
AVe can only state that it is not as exceptional as plaintiff contends. Let us see. Plaintiff propounded a theory, whereby she claimed nearly all of her late father’s property. This was met, and issue was joined upon the case as made up by the pleadings. While it is true that, under our jurisprudence, a plea in replication is not necessary to meet an issue presented by the defense, yet, if the defense’s answer present a clearly expressed issue, the .plaintiff has no right to a plea which contradicts the petition, and which, in consequence, has no relation to the answer, or to the case as made up. Plaintiff in one word attacked the gift and in another admitted the gift, while seeking to restrain its extent, and for that reason was not in a position to urge a new issue on appeal.
Moreover, owing to the pleadings, there is no evidence showing the value of the community property. There was property be *655 longing to the community. It is argued, that it was of little value. There was, in addition, a small amount collected by plaintiff. We will not assume that there was property of little or no value.
[3] Lastly, upon this point, the manual gift was made in view of death by the donor in his last moments, who sought to avoid a regular settlement of his succession, as stated by him. Erom the record, he thought, not without good reason, that his days would be few, as the result proved. Such a donation is not to be judged as one made in a spirit of liberality by one who divests himself of all he has and remains with nothing. Then a beneficent law steps in with the command: I-Ie must reserve enough for himself for sustenance; if he does not do it, the donation is null for the whole. Civil Code, art. 1497.
We are, in addition to all said above,' of the opinion that the right of attack after the death of ‘ the decujus is of a personal character, and that only forced heirs can urge the ground to the extent of their légitime.
[4] The next point to be decided is urged by defendant; she claims $551.37 for the restitution of her paraphernal funds and $86-funeral expenses.
As relates to the $551.37, it was an amount which was expended by defendant about 20 years ago, when her husband was ill and destitute of all means of support, and was without employment.
Husband and wife owe assistance to each other. Civil Code, art. 119.
There remained nothing to the husband; the wife was liable for their support. Civil Code, art. 2435.
[5] To secure the $551.37, the wife relies upon her testimony exclusively to prove the acknowledgment of the husband and his promise to pay the amount. We are not impressed by her testimony upon the subject.
She asks to recover the amount from the succession without the least proof, save her own recollection — evidence always characterized as exceedingly weak — that is, testimony to recover an amount against one who has departed this life.
Moreover, the amount is over $500, and comes within the article of the Code that in such a case there must at least be corroborating circumstances. Civil Code, art. 2278; Act No. 207 of 1906, p. 361; article 2277, O. C.
In our opinion, the widow has not sustained her claim to that amount.
Now, as relates to the $90.60, another item:
“It was collected by Mrs. Randall, the plaintiff. She is charged with two-thirds of the amount, and the remainder goes to her credit as forced heir. It is mentioned by the defendant as part of the assets of the succession. The following', as relates to this amount, are ex-cei'irts from the brief of learned counsel for defendant :
“The evidence in this case shows that the succession consisted of $90.60 in addition to the above sum.”
Again, the plaintiff in this case claims the whole of the $3,417.70, without deducting the $90.60 already collected by her. That amount must be deducted from the amount of $90.60, less plaintiff’s legitime of $60.20, which is hereafter allowed as the balance due.
The funeral expenses must be paid.
We state figures:
Three checks amounting to........$3,417 70
Less funeral expenses............. 86 00.
An amount of $30.
This sum is claimed by plaintiff, an amount collected after the death of Ohas. A. L. Turgeau.
There is error as to the date of collection and the amount, as we find. It was $20, and it was represented by one of the three checks given, as above mentioned; therefore it is not carried in this statement:
*657 Distribution.................... $3,331 90
Amt. of plaintiff's légitime....... 1,110 63%
Amt. collected by plaintiff after death of her father............ 90 60
One-third légitime............... 30 20
Add légitime 1st above mentioned 1,110 63%
Total judgment.................. $1,140 60%
By credit....................... 90 60
$1,050 00%
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by giving plaintiff the sum of $1,-050, as above computed, and, as aihended, the judgment is affirmed. The costs in both courts are divided in proportion of amount received by each of the parties in the suit.
PROVOSTY, .7., dissents, on the question of the right of plaintiff to contest the validity of the donation on the present appeal.