(109 So. 486)

No. 25171.

**SAFFORD et al. v. ALBRITTON et al.**

(March 1, 1926. On Rehearing, June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬤⟲173(2).**

Argument that defendants' patents to land were protected by Act No. 62 of 1912 cannot be considered where such defense was not raised by pleadings.

**On Rehearing.**

**2. Public lands ⬤⟲114(3).**

Patent conveys title only to lands embodied in survey on which patent is founded.

**3. Public lands ⬤⟲114(3)—If more land was conveyed than was authorized by survey, government only can complain.**

If more land was conveyed to plaintiffs' authors in title than was authorized by the survey, the government only can complain, and error cannot be corrected at instance of parties whose title does not antedate plaintiffs'.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Suit by W. B. Safford and others against Alvin R. Albritton and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. M. Pollock, of Mansfield, and Alvin R. Albritton and C. C. Bird, both of Baton Rouge, for appellants.

Craig & Bolin, of Mansfield, for appellees.

ROGERS, J. This suit was instituted under the provisions of Act 38 of 1908 for the purpose of establishing title to certain lands claimed by the plaintiffs and the defendants, respectively, but not in the actual possession of either of the parties. The judgment of the court below recognized plaintiffs as the owners of the lands, and defendants have appealed.

Plaintiffs' title originated in a grant made in 1796 by the crown of Spain to Pierre Dolet. In 1884 this grant was confirmed to the heirs of Dolet by a decree of the United States Supreme Court (United States v. Perot, 98 U. S. 428, 25 L. Ed. 251), and by a patent issued in pursuance thereto. By mesne conveyances plaintiffs acquired their title from said heirs.

Defendants set up ownership under patents issued by the state of Louisiana to A. R. Albritton on August 1, 1917, and on February 25, 1919, claiming that the state owned the

property by virtue of the swamp land grant of March 2, 1849.

The issues involved in this case were settled in Smith v. Albritton, 153 La. 507, 96 So. 49. There we went extensively into the history of the Dolet grant and litigation and the rights of the state under the provisions of the swamp land grants. The lands herein claimed by the plaintiffs are clearly covered by the patent issued to the Dolet heirs and by the plat attached to said patent.

We do not find any merit in defendants' contention that plaintiffs are claiming under quitclaim, deeds, and are therefore without right to institute this suit. We think the evidence in the record amply supports plaintiffs' allegations as to title and heirship.

[1] The argument that the defendants' patents from the state are protected by the provisions of Act 62 of 1912 cannot be considered, since no such defense appears to have been raised by any pleading filed in the case.

For the reasons assigned, the judgment appealed from is affirmed.

BRUNOT, J., takes no part.

On Rehearing.

THOMPSON, J. It is conceded by defendants and appellants that all of the legal issues involved in this suit were decided in the case of Smith v. Albritton, 153 La. 507, 96 So. 49.

In the case referred to it was distinctly held that the land involved in the Dolet grant was not conveyed to the state under the swamp land grants for the reason that the lands had never been selected by the state and there had been no examination, listing, and approval by the Interior Department of the United States.

We therein said:

"The swamp land grants have been declared grants in præsenti, only in this sense, that the subsequent selection, listing and approval of the lands to the state has the retroactive effect of conveying title as of the date of the statute" —citing authorities.

The lands here involved occupy the same situation in this respect as did the lands in dispute in the case, supra.

[2] It is contended, however, by the defendants that the lands now claimed by these plaintiffs were not embraced in the patent issued by the United States to the heirs of Pierre Dolet, and hence plaintiffs cannot recover even though the lands had never been approved to the state as swamp lands.

The contention is based on the principle that a patent conveys title to only such lands as are embodied in the survey on which the patent is founded.

There can hardly be any dispute as to this legal proposition. This court in Perry v. Commissioners, 132 La. 415, 61 So. 511, said:

"It is well settled that a plat of survey with reference to which land is granted by the United States becomes as much a part of the grant as the patent, and that 'it controls, so far as limits are concerned, as if such descriptive features were written out upon the face of the deed itself.'"

It is urged in this connection that the only survey that was ever made of the lands in dispute is the one made by Geo. K. Bradford on September 21, 1881, and that this survey limited the fractional section 2 to the meander line of Cypress Lake, and that the patent did not and could not convey any lands outside and beyond this meander line.

We do not find, however, that the patent was issued on the original map as made by Bradford, but on a corrected map made by James Lewis, surveyor general of Louisiana.

The patent issued to the Dolet heirs on February 25, 1884, calls for all of section 2, township 11, R. 11 west, which includes the lands here involved. That patent was unquestionably based on a map which was certified to and approved as corrected by the surveyor general of Louisiana.

The certificate of the surveyor general

shows that the map was made in strict conformity to the field notes on file in his office, and which he had examined and approved.

He further certified that the plat was prepared in accordance with a letter from the Commissioner of the General Land Office bearing date January 18, 1884, which letter reads in part as follows:

"In order that we might have a proper plat of survey to be made a part of the patent, you are requested to cause to be prepared at an early day a plat of survey of said claim similar to that approved by you March 4, 1882, indicating by coloring brown, the legal subdivisions for which patent is to issue. You will be particular to give the exact area of each subdivision, approve the plat, and transmit it here."

In accordance with this request the surveyor general of Louisiana, as already noted, prepared a map indicating in brown coloring the lands to be patented which includes the land here in dispute.

On this map we find the following certificate by the surveyor general of Louisiana dated February 5, 1884:

"The above plat has been prepared in accordance with letter from the hon. Commissioner of the General Land Office bearing date January 18th, 1884, div. 'D' and is hereby approved."

There is also contained on this map the following notation:

"Tracts colored brown patented February 25th, 1884."

It may be true that the survey made by Bradford and approved March 4th, 1882, was the only actual survey made of this land, and it may also be true that the field notes of Bradford appear upon the map approved by Lewis February 5th, 1884, still the fact remains that the corrected map was approved and formed the basis of the patent relied on by the plaintiffs.

This being true, we are unable to see wherein the defendants can complain. They confessedly have no legal title to any of the land in dispute, as already stated.

[3] If the Land Department has committed an error and has conveyed more land to the plaintiffs' authors in title than was authorized by the survey made by Bradford, then the government is the one to complain and to have the error corrected. It is not for this court to make the correction at the instance of the defendants, who have no valid title antedating that of plaintiffs.

The judgment heretofore rendered is reinstated and made the final judgment of this court.

BRUNOT, J., takes no part.