**143 So. 288**

## STATE v. BROWN.

### No. 31918.

July 20, 1932.

Gaston L. Poterie, Atty. Gen., and Eugene Stanley, Dist. Atty., and Niels F. Hertz, Asst. Dist. Atty., and J. Bernard Cocke, all of New Orleans, for the State.

Henry J. Rhodes, of New Orleans, for appellee.

ROGERS, J.

Defendant was convicted of forgery and uttering as true, and was sentenced to imprisonment in the state penitentiary for not less than one year and not more than three years.

After defendant was sentenced, the state filed an information under Act No. 15 of 1928, charging defendant with having been convicted and sentenced in the state of Alabama for the crime of " 'Forgery in the Second Degree,' a felony under the law of Louisiana," and prayed that defendant's sentence be annulled and that he be resentenced as a second offender.

Defendant moved to quash the information. His motion was sustained, and the state appealed.

The trial judge assigned the following reasons for sustaining the motion to quash, viz.:

"In order to subject the defendant to a double penalty in accordance with section 1 of Act No. 15 of 1928, it is necessary that it be

shown that he was previously convicted of a felony within this State, or convicted of a crime elsewhere, which if committed within this State would be a felony.

■ "Under the forgery statutes of our State, only those instruments which are therein named can be made the subject of forgery.

■ "The information merely charges that the defendant was convicted in the State of Alabama of 'Forgery in the Second Degree.' The court cannot assume that the instrument which was the basis of defendant's conviction in Alabama could be made the subject of forgery, and therefore a felony in the State of Louisiana, especially in view of the fact that the Alabama Statute, which counsel for the State read to the court during the argument, names as possible objects of forgery writings which are not named in the Louisiana forgery statutes.

"There is no offense known in the State of Louisiana by the name of 'Forgery in the Second Degree,' and the information fails to allege that the definition of this term comprises any of the species of forgery prohibited in the State of Louisiana.

"The information cannot support a judgment declaring that the defendant was convicted in the State of Alabama of fraudulently making a false writing of any of the instruments which may be made the subject of forgery in the State of Louisiana.

"The State did not move to amend the information, nor to particularize, nor to administer proof."

We see no error in the ruling.

For the reasons assigned, the judgment appealed from is affirmed.