164 So. 781

**Succession of QUINN.**

No. 33112.

July 1, 1935.

On Rehearing Nov. 4, 1935.

Second Rehearing Refused Dec. 2, 1935.

Sol Weiss, of New Orleans, for appellants.

Lavinius L. Williams, of New Orleans, for appellee.

ODOM, Justice.

Mrs. Delia Quinn, widow of John Joseph Owens, died on March 23, 1933, leaving a last will by which she appointed Joseph J. Ferguson executor. The will was probated, the appointment of the executor was confirmed, and an inventory was subsequently made by a notary.

It seems that the executor had been informed that, in addition to the real estate owned by the deceased, she had a considerable sum of money, probably as much as $3,000, in her safety deposit box in one of the banks in the city. After listing the various properties of the deceased, the notary, in company with the heirs and the attorney, went to the bank, and, in the presence of all parties interested, opened the safety deposit box, but found no money therein.

Subsequently the notary was informed by an official of the bank that on March 3, 20 days before Mrs. Owens died, two of her daughters, Mrs. Duvernay and Mrs. Covalt, had been permitted to open the safety deposit box; Mrs. Duvernay having joint access to it with her mother, as per arrangements made at the time the box was rented. This knowledge having been conveyed to the executor, he visited Mrs. Duvernay and inquired of her specifically whether she and her sister had extracted from the box any money or other articles of value whatever. The executor was told that nothing had been extracted from the box.

The executor, not being satisfied, ruled Mrs. Duvernay and Mrs. Covalt to show cause why they should not either return the money to the succession or be charged with the amount thereof against that portion of the succession coming to them under the will. In answer to the rule, Mrs. Duvernay and Mrs. Covalt admitted that they had extracted from the box $2,700 in currency, carried the same to their mother at her home, where she was then ill, and alleged that their mother had then and there made a manual gift to them of the money, giving to each one-half thereof. They therefore claim the money by virtue of the alleged manual gift made by their mother.

After hearing on the rule the trial judge held that defendants had failed to prove the alleged manual gift and ordered them to restore the $2,700 to the succession, and, in the alternative, that they be charged with the amount.

From this ruling Mrs. Duvernay and Mrs. Covalt prosecute this appeal.

This case was not orally argued, but was submitted on briefs to be filed. Appellant has not filed brief, and we are therefore not informed as to the ground on which counsel rely for a reversal. We have, however, carefully read the testimony adduced on the trial of the rule, and are convinced that the judgment appealed from is correct.

Mrs. Duvernay and Mrs. Covalt, as well as Mrs. Airey, a daughter of Mrs.

Duvernay, testified positively that on March 3, previous to the death of Mrs. Owens on March 23, she made the manual gift. Mrs. Duvernay and Mrs. Covalt testified that on the morning of that day, their mother instructed them to go to the bank, get the money, and bring it to her. They further testified that their mother told them that she wanted the money brought to her in order that she might give it to them, and that they brought it to their mother in two separate envelopes, $1,350 in each envelope, and that their mother took the envelopes, looked into them, and asked if the amount had been equally divided, and that on being informed that it had, their mother handed the envelopes back to them, stating that she wanted them to have the money.

Mrs. Duvernay and Mrs. Covalt called as their witness Mrs. Kate Blackwell, who testified that Mrs. Owens had on March 2 specially requested her to be present on the following day, because at that time she was going to instruct her two daughters to get the money, bring it to her, and that she was going to give it to them. Mrs. Blackwell testified that she was in the bedroom with Mrs. Owens on March 3 when the two daughters left the house to go to the bank, and that she was present when they returned. She further testified that the daughters brought a package from the bank, which they handed to Mrs. Owens, who immediately placed it under her pillow. She stated that she had no information as to what the package contained, and did not see Mrs. Owens make the alleged gift. According to her testimony, she left the room immediately after the package was handed to Mrs. Owens, and went into an adjoining room to get a cup of coffee. It is strange that she left the room at the very time she was supposed to witness the gift.

The testimony of these witnesses' is greatly weakened, if not completely broken down, by other testimony in the record. Mr. Ferguson, the executor, testified that on March 5, two days after Mrs. Duvernay and Mrs. Covalt say their mother had made this manual gift, Mrs. Owens sent for him and told him that she had appointed him executor of her last will, and that at that time she had a considerable sum of money in her safety deposit box at the bank, and that she wanted him to use that money to pay her taxes, which amounted to about $900, and to improve some eight or nine pieces of rental property which she owned in the city of New Orleans, from which she had been receiving revenue. He stated that Mrs. Owens further told him that she thought it would be best for the heirs that he take the money and improve the property so that it would produce revenue.

Mr. Williams, attorney for the executor, and a personal friend of the deceased, testified that Mrs. Owens had sent for him and asked him to prepare her last will. This was only a short time prior to her death. He testified that Mrs. Owens told him that she had withdrawn her savings from the bank and had placed them in a safety deposit box because under conditions which then prevailed she was afraid the banks might close, leaving her with

no available cash with which to pay taxes and other necessary expenses.

Mr. Paul E. Chasez, a notary, made the inventory. He testified that after listing other properties belonging to the succession, he went to the bank, and in the presence of Mrs. Duvernay and Mrs. Covalt and the other heirs, opened the bank box and found nothing therein except a certified copy of the will and a promissory note held by the deceased. He testified that he then and there asked Mrs. Duvernay and Mrs. Covalt if they knew anything about the cash which was supposed to be found in the box, and they informed him that they did not. He testified further that due to the fact that he had been informed that Mrs. Owens had withdrawn a considerable sum of money from the bank a short time prior to her death, and that there was no money found in the bank box, he then proceeded to the residence occupied by the deceased at the time of her death to make a search for the money. He testified that he there met Mrs. Duvernay, and again questioned her closely regarding this cash and whether or not she or her sister had extracted it from the box, and that Mrs. Duvernay told him that she knew nothing whatever about the money, but that she had taken a package from the box at the suggestion of her mother, had given the package to her mother while she was in bed, and had no knowledge as to what became of the package or its contents.

The testamentary executor testified that having been informed that Mrs. Duvernay and Mrs. Covalt had opened the box on March 3, he visited Mrs. Duvernay at her home on Canal street and again interrogated her with reference to this money, and that she positively denied any knowledge whatever of the contents of the box. This was before the rule was filed, in answer to which these sisters admitted that they had taken the money out.

In addition to the above testimony adduced by the executor on the trial of the rule, Mrs. Mamie Quinn, wife of Mrs. Owen's nephew, who had been employed as an attendant of the deceased during her last illness, testified positively that she was at the bedside of Mrs. Owens during the entire day of March 3, and that whereas Mrs. Duvernay and Mrs. Covalt did leave the residence during the day and return, yet she is positive that Mrs. Owens did not make the manual gift. She said she was present in the bedroom during the entire time that Mrs. Duvernay and Mrs. Covalt were there.

In addition to her testimony Mrs. Milliet testified that she was present during the entire time Mrs. Duvernay and Mrs. Covalt were in the room and that there was no manual gift made.

Under the showing made by the executor we think the judgment appealed from is correct. It is therefore affirmed.

### On Rehearing.

ROGERS, Justice.

The record presents two appeals which have been consolidated for the purpose of the hearing before this court. The first appeal was taken by Mrs. Duvernay and

Mrs. Covalt, daughters of Mrs. Owens, the decedent, from a judgment ordering them to restore $2,700 to the succession of their mother, and, in the alternative, that they be charged with the amount. The second appeal was taken by the same parties from a judgment homologating the provisional account filed by the testamentary executor of Mrs. Owens.

The issues presented by the first appeal were thoroughly discussed in our opinion on the original hearing. The judgment reviewed under that appeal was obtained by the testamentary executor of Mrs. Owens on a rule taken against Mrs. Duvernay and Mrs. Covalt to compel them to return to the succession or be charged with the sum of $2,700, which shortly before the death of their mother they had removed from her bank box. Defendants in rule resisted the demand of the executor on the ground that they held the money as a manual gift from the decedent. After hearing the parties, the trial judge held that the defense was not well founded and rendered judgment against defendants. We affirmed this judgment on the original hearing; but, subsequently, on appellants' application, we granted a rehearing, and the matter is now before us for a further review of the issues presented by the appeal.

Appellants contend that the executor was without any right to file suit against them to recover money allegedly owing by them to their mother's succession.

Appellants also contend that they cannot be sued for a debt due the succession without proof of its insolvency; that if such debt be due it can be liquidated only by collation among the heirs.

An examination of the record indicates that the suit brought against the appellants by the executor was the result of a proceeding taken against the executor by Mrs. Rooney, another daughter of the decedent, and Joseph Owens, the son of the decedent, to compel him to institute such a suit.

Defendants, through their counsel, accepted service on the rule of the executor, and waived all objections to the form of the proceeding. No exception was filed by the defendants to the capacity of the executor to institute the proceeding, and no technical objection was made by the defendants to the demand of the plaintiff in rule for a judgment against them for $2,700, or, in the alternative, that they be condemned to suffer a proportionate diminution of their respective shares in the succession. So far as our examination of the record discloses, the only defense made by the defendants to the demand of the executor was set up in the return dictated into the record by their counsel on the day the rule was called for trial, which defense was that their mother had made a manual gift to them, in the proportion of one-half to each, of the $2,700 in dispute.

This court cannot consider appellants' objections to the executor's capacity and to the character of the executor's action. The objections were not made in district court. They were raised for the first time in appellants' printed brief,

which merely contains appellants' written argument and forms no part of the pleadings. Dejol v. Johnson, 12 La.Ann. 853; Chase v. Davis, 20 La.Ann. 201; Yorke & Co. v. Scott & Co., 23 La.Ann. 54; State v. Brown, 175 La. 357, 143 So. 288. And the jurisprudence is well settled that pleas and issues not raised in the court of the first instance cannot be raised on appeal. De Grilleau v. Boehm, 106 La. 472, 31 So. 74; Neith Lodge No. 21, I. O. O. F. v. Vordenbaumen, 111 La. 213, 214, 35 So. 524; Bonnin v. Town of Crowley, 112 La. 1025, 36 So. 842; Timberlake v. Sorrell, 125 La. 554, 51 So. 586; Succession of Turgeau, 130 La. 650, 58 So. 497; Safford v. Albritton, 161 La. 773, 109 So. 486; State v. Brown, 175 La. 357, 143 So. 288.

Therefore, appellants' contentions must be confined to the only question presented to and decided by the district court, namely, whether Mrs. Owens made a manual gift to the appellants of the $2,700 in dispute. The question is strictly one of fact. After hearing the parties, the trial judge concluded that the defendants had failed to prove the alleged manual gift. After a careful review of the evidence on the original hearing, we concurred in the conclusion of the trial judge and affirmed his judgment. A further examination of the evidence and of the arguments addressed to us has convinced us that our former opinion and decree, as herein modified, are correct.

A further contention of appellants is, that the judgment in the alternative herein erroneously charges each of them with

$1,350, whereas under the rules governing collations they can each be charged with only $1,012.50, representing three-fourths of the amount of the debt due the succession, after deducting the one-fourth interest due each of them as an heir.

Appellants' contention appears to be sound. The part of the judgment to which it refers reads as follows, viz.: "It is further ordered, adjudged and decreed, that in the event the judgment rendered is not paid, then the said Joseph J. Ferguson, Testamentary Executor, shall consider that Two Thousand Seven Hundred Dollars has been returned to the Succession, and shall distribute the estate accordingly. In the distribution he shall charge and deduct from the eventual shares or portions of this succession, to be received by each of said respondents the sum of Thirteen Hundred and Fifty Dollars, that is, he the said Joseph J. Ferguson, Testamentary Executor, shall charge and deduct, the said sum of Thirteen Hundred and Fifty Dollars, from the share or portion of Mrs. M. J. Duvernay and Thirteen Hundred and Fifty Dollars from the share or portion of Mrs. Almeda Owens Covalt."

We think the executor was correctly ordered by the judgment in the alternative to treat the $2,700 as paid, and to distribute it accordingly. In a final account the heir's indebtedness to his coheirs should be settled, and all sums each of the coheirs·has received should be included. Succession of Dumestre, 45 La. Ann. 200, 12 So. 123. But we also think the executor was incorrectly ordered in the judgment to deduct in his distribution

of the estate the sum of $1,350 from the share of each of the appellants. Since each of the appellants is an heir to one-fourth of the succession of the decedent, she is entitled to retain one-fourth, or $337.50, from the amount of $1,350 she is ordered to return to the succession, and there can be legally charged against her share only $1,012.50, representing three-fourths of the amount due by her to the succession. The judgment appealed from will have to be amended accordingly.

The second appeal we are called upon to review is the devolutive appeal taken by Mrs. Duvernay and Mrs. Covalt from the judgment homologating the executor's provisional account. The account was filed on April 25, 1933, and the judgment of homologation was rendered and signed on May 9, 1933. The appeal was applied for and granted on April 25, 1934, which was nearly 12 months after the judgment appealed from was rendered and signed.

■ Appellants have urged as objections in this court that the executor's account was prematurely filed, and that excessive fees are allowed the notary and appraisers for taking the inventory. But no opposition was made in the district court to the executor's account; the appellants having made no appearance in that court. The executor made affidavit to the correctness of the account, and also testified as to its correctness on the hearing for its homologation. This was sufficient basis for the judgment of homologation. Succession of Rabasse, 50 La.Ann. 746, 23 So. 910.

■ As appellants' objections to the executor's account were not formally and timely presented in the district court, they cannot be considered by this court. Succession of Perret, 20 La.Ann. 86; Chase v. Davis, 20 La.Ann. 201; Succession of Rabasse, 50 La.Ann. 746, 23 So. 910; De Grilleau v. Boehm, 106 La. 472, 31 So. 74; Succession of Turgeau, 130 La. 650, 58 So. 497; Safford v. Albritton, 161 La. 773, 109 So. 486; State v. Brown, 175 La. 357, 143 So. 288.

■■ It is a general rule that costs are incident to the judgment and follow the result of the suit. In this state the general rule is modified by Act No. 229 of 1910, under section 2 of which appellate courts are given a discretionary right in taxing costs. Although we find it necessary to amend in appellants' favor one of the judgments appealed from, we do not think the amendment is of such a character as to justify us in relieving appellants of the costs of appeal. It would seem to be obvious that the judgment could have been corrected in the court below on a motion for a new trial, which appellants apparently failed to file.

For the reasons assigned, the judgment herein appealed from in favor of Joseph J. Ferguson, testamentary executor, plaintiff in rule, and against Mrs. M. J. Duvernay and Mrs. Almeda Owens Covalt, respondents in rule, is amended by decreasing the amount the executor is ordered to deduct from the share of each of the respondents in the distribution of the estate from $1,350 to $1,012.50; and in all other respects the said judgment is affirmed.

It is further ordered that the judgment homologating the provisional account of Joseph J. Ferguson, testamentary executor, herein appealed from be affirmed.

Costs of both appeals as well as the costs of the district court to be borne by the appellants.

The right to apply for a rehearing is reserved to all parties to this appeal.