This is a suit in which John Luening, claiming to be the owner of a computing electric scale, seeks to have it returned to him by Dominic Natal in whose possession it is alleged to be or, in the alternative, that he have judgment for $65. He also prays for rental for the use of the scale at the rate of $5 and $10 per month. A writ of sequestration was asked for, but because of the failure of the constable to locate the scale, was not executed.
The defendant answered denying the allegations of plaintiff's petition and asked for judgment in reconvention in the sum of $75, alleged to be due him on account of a loan made to plaintiff.
There was judgment below dismissing both the main and the reconventional demand. A new trial was granted which resulted in a judgment in plaintiff's favor recognizing him as the owner of the scale and ordering the defendant to return it to *Page 650 
him within ten days or, in default of which, plaintiff was given a judgment in the sum of $65, the alleged value of the scale. The claim for rent was not allowed. The defendant has appealed and the plaintiff has answered the appeal asking that the judgment be increased to the amount prayed for.
In this court the defendant, in brief and in argument, contends that the scale did not belong to plaintiff because it was the property of a partnership styled "Chippewa Food Store", of which plaintiff, defendant and a Mrs. Meierbaum were members; that the partnership had never been liquidated and, therefore, plaintiff had no title to the scale. This point was not raised by and is inconsistent with the pleadings and the position taken below. In a letter written by defendant's counsel and addressed to plaintiff's counsel, which is in the record, the ownership of the scale is acknowledged to be in the plaintiff as appears by the following:
"My client Mr. D. Natal has asked me to communicate with you regarding your letter of July 7th.
"He informs me that he is not using the scale, but is merely holding the same against an indebtedness due him by your client, and he is perfectly willing to surrender the scale to your client upon payment of said indebtedness".
In a supplemental answer filed after the new trial had been granted, Natal, in a reconventional demand, alleged that there is due him the sum of $75 as "offset and compensation", which implies that there was something to off-set or compensate. Mrs. Meierbaum testified that Natal told her that while the scale belonged to Luening, he could not get it because he, Luening, owed him $25.
A defense raised for the first time in an appellate court, particularly one inconsistent with defenses made below, cannot be considered. Succession of Turgeau, 130 La. 650, 58 So. 497; Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984; Amerada Petroleum Corporation v. Reese et al., 195 La. 359, 196 So. 558.
In so far as the defendant Natal is concerned, Luening is the owner of the scale.
The reconventional demand was not proven.
In regard to the claim for rental which is said to be due at the rate of $5 per month for six months and, thereafter $10 per month, it is based upon a letter written to the defendant making a demand for the return of the scale or, in the alternative, announcing that rent would be charged at the rates mentioned. It is not shown that the defendant received the letter or that he acquiesced in the agreement nor is there any proof in the record as to the value of the use of the scale. The claim for rent must be dismissed.
For the reasons assigned herein the judgment appealed from is affirmed.
Affirmed.