546 So.2d 320 (1989)
Gregory SMITH, Plaintiff-Appellant,
v.
The GUARDIAN LIFE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 88-375.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Rehearing Denied August 1, 1989.
*321 Pucheu & Pucheu, John H. Pucheu, Eunice, for plaintiff-appellant.
Neil H. Mixon, Baton Rouge, for defendants-appellees.
Before GUIDRY, FORET and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff, Gregory Smith, appeals that portion of a trial court judgment denying his claim for penalties and attorney's fees in connection with his suit against Sea Mar, Incorporated (Sea Mar) and The Guardian Life Insurance Company of America (Guardian) for medical benefits plaintiff claimed were due him under a policy of health insurance offered to Sea Mar employees and written by Guardian.[1] Guardian filed a peremptory exception of no cause of action in this court urging that the Louisiana statute (La.R.S. 22:657(A)), upon which plaintiff bases his claim for penalties and attorney's fees, was pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. We find merit in Guardian's contention, sustain its exception and dismiss plaintiff's demand for penalties and attorney's fees.
The parties to this suit concede that the Guardian policy of health insurance is subject to ERISA. However, plaintiff contends that the section of the state statute under which he seeks penalties and attorney's fees (La.R.S. 22:657) is exempt from ERISA under ERISA's "savings clause". 29 U.S.C. § 1144(b)(2)(B).
In Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the United States Supreme Court, citing Metropolitan Life Insurance Company v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), addressed the question of when a state law is deemed to regulate insurance and is thus saved from pre-emption, stating:
"In Metropolitan Life, we were guided by several considerations in determining whether a state law falls under the saving clause. First, we took what guidance was available from a `common-sense view' of the language of the saving clause itself. 471 U.S., at 740, 105 S.Ct., at 2390. Second, we made use of the case law interpreting the phrase `business of insurance' under the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., in interpreting the saving clause. Three criteria have been used to determine whether a practice falls under the `business of insurance' for purposes of the McCarran-Ferguson Act:

`[F]irst, whether the practice has the effect of transferring or spreading a policyholder's *322 risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.' Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982) (emphasis in original).
... Because in this case, the state cause of action seeks remedies for the improper processing of a claim for benefits under an ERISA-regulated plan, our understanding of the saving clause must be informed by the legislative intent concerning the civil enforcement provisions provided by ERISA, § 502(a), 29 U.S.C. § 1132(a).
The Solicitor General, for the United States as amicus curiae, argues that Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress. Brief for United States as Amicus Curiae 18-19. We agree. The conclusion that § 502(a) was intended to be exclusive is supported, first, by the language and structure of the civil enforcement provisions, and second, by legislative history in which Congress declared that the pre-emptive force of § 502(a) was modeled on the exclusive remedy provided by § 301 of the Labor-Management Relations Act (LMRA), 61 Stat. 156, 29 U.S.C. § 185." (footnote omitted).
Pilot Life, supra, 107 S.Ct. at 1553, 1554 and 1555.
Based upon the foregoing language of Pilot Life, supra, we conclude that defendant's exception of no cause of action must be sustained.
In Pilot Life, the United States Supreme Court made it crystal clear that the civil enforcement provisions of ERISA as contained in § 502(a) were the exclusive vehicle for actions by ERISA participants and beneficiaries; and that various state causes of action which fall within the scope of and/or conflict with § 502(a) are pre-empted. We find La.R.S. 22:657(A) provides a remedy both within the scope of and in conflict with § 502(a) and thus is pre-empted by ERISA.
We are aware of the Louisiana Supreme Court's decision in Soniat v. Travelers Insurance Company, et al., 538 So.2d 210 (La.1989), but find Soniat inapplicable because in that case the court found that the state law at issue did not conflict with the substantive provisions of ERISA.
Finally, appellant suggests that this court should consider for the first time on appeal an ERISA based claim for interest and attorney's fees. That issue was not properly raised in the trial court and we decline to consider same for the first time on appeal. See Succession of Quinn, 183 La. 727, 164 So. 781 (1935), and Succession of Villere, 411 So.2d 484 (La.App. 4th Cir. 1982).
Accordingly, for the reasons stated, defendant's, Guardian Life Insurance Company of America's, exception of no cause of action is sustained and plaintiff's demand for penalties and attorney's fees under La. R.S. 22:657 is dismissed. Plaintiff-appellant, Gregory Smith, is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] Since rendition of the trial court judgment, Sea Mar has been dismissed from the suit with prejudice and with the consent of Guardian. Additionally, according to the briefs submitted, Guardian has paid all of plaintiff's medical expenses and this appeal concerns only the issue of penalties and attorney's fees.