KNOLL, Judge.
Plaintiff-appellant, William West, Jr., appeals the trial court’s conclusion that Employee Retirement Income Security Act (ERISA) preempts the application of Louisiana law to his claim for monthly disability benefits, penalties, interest, and attorney fees.
FACTS
Outlined in his petition, West alleges that on April 25, 1985, he suffered a disabling injury during the course and scope of his employment that is covered by a disability insurance policy issued by defendant, Connecticut General Life Insurance Company (Connecticut). West requested monthly benefits from the date of the accident, penalties, interest, and attorney fees.
Connecticut answered the suit with a general denial and alleged that any claim for disability benefits, penalties, interest and attorney fees is governed exclusively by ERISA (29 U.S.C. § 1001 et seq.). Subsequently, Connecticut filed a reconventional demand requesting reimbursement for past payments on the disability insurance policy and a judgment declaring that all *1297 future payments have been extinguished by West’s receipt of worker’s compensation benefits, social security benefits and proceeds from a maritime suit settlement.
Later, both West and Connecticut filed opposing motions for summary judgment on the issue of preemption of Louisiana law by ERISA.
Without assigning reasons, the trial court granted Connecticut’s motion for summary judgment concluding that ERISA governs West’s claim exclusively.
West appeals the adverse judgment contending that the Louisiana Insurance Code (LSA-R.S. 22:1 et seq.) and, in particular, LSA-R.S. 22:657 are not preempted by ERISA since both are fundamental to the regulation of the insurance industry in Louisiana.[1] West contends that Soniat v. Travelers Ins. Co., 538 So.2d 210 (La.1989) is dispositive of the issue while Connecticut avers that Cramer v. Association Life Ins. Co., 569 So.2d 533 (La.1990), cert. denied, - U.S. -, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991), mandates the preemption of LSA-R.S. 22:657 by ERISA.
PREEMPTION
ERISA is a comprehensive set of substantive and procedural regulations that govern employee welfare-benefit plans. 29 U.S.C. § 1001 et seq. ERISA was enacted to protect workers from abuses in the administration and investment of employee welfare plans. Hansen v. Continental Ins. Co., 940 F.2d 971 (5th Cir.1991).
Traditional state law contract claims under an employee benefit plan regulated by ERISA are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). These claims are governed exclusively by the civil enforcement provisions of ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).
In Cramer, supra at 535, our Louisiana Supreme Court discussed the relationship of ERISA to state insurance laws:
“Recognizing that the broad provisions of ERISA overlap with numerous state regulatory laws, Congress put in ERISA three provisions relating to the preemptive effect of the federal legislation, often referred to as the pre-emption clause, the savings clause, and the deemer clause. The pre-emption clause states:
Except as provided in subsection (b) of this section [the savings clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ... (Emphasis added.) [29 U.S.C. Section 1144(a)]
The savings clause states:
Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or r'elieve any person from any law of any State which regulates insurance, banking, or securities. {Emphasis added.) [29 U.S.C. Subsection 1144(b)(2)(A)]
The deemer clause states:
Neither an employee benefit plan.... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts ... {Emphasis added.) [29 U.S.C. Subsection 1144(b)(2)(B)]
* ⅜ ⅜ jje ⅝
*1298 [T]he sections generally can be said to work as follows: if a state law relates to employee benefit plans it is preempted unless the law regulates insurance, in which case the savings clause saves the law from pre-emption; but, a state law that purports to regulate insurance may not deem an employee benefit plan to be an insurance company.” (Footnotes omitted.)
Under the preemption clause, the term “relates to” is expansive and must be read in its broad common-sense meaning such that a state law relates to a disability plan “in the normal sense of the phrase, if it has a connection with or reference to such a plan.” Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).
As used in the savings clause, the term “regulates insurance” means the state “law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.” Pilot Life Ins. Co., supra 107 S.Ct. at 1554. Additionally, the Supreme Court has looked to the interpretation of the phrase “business of insurance” in interpreting the savings clause and has adopted three criteria. Id. at 1553. First, whether the practice has the effect of transferring or spreading a policy holder’s risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and, third, whether the practice is limited to entities within the insurance industry. Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982).
This court has held that LSA-R.S. 22:657 is preempted by ERISA. Smith v. Guardian Life Ins. Co., 546 So.2d 320 (La.App. 3rd Cir.1989).
A motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
In the case sub judice, West’s two-part claim is based on a state law breach of contract theory for Connecticut’s nonpayment of monthly disability benefits and on LSA-R.S. 22:657 that allows penalties, interest and attorney fees for Connecticut’s® alleged arbitrary and capricious refusal to pay these disability benefits. The allegation of breach of contract is in sum and substance the same type of claim advanced in Pilot Life Ins. Co., supra, and Metropolitan Life Ins. Co., supra, wherein the Supreme Court rejected the application of state law and concluded that the civil enforcement scheme of ERISA is the exclusive remedy. The Supreme Court made it abundantly clear that the Congressional intent of providing a comprehensive set of laws to promptly and fairly settle benefit claims would be completely undermined if claimants were free to obtain remedies under state law. West’s claim for monthly disability benefits is governed exclusively by the civil enforcement scheme of ERISA. See also, Degan v. Ford Motor Co., 869 F.2d 889 (5th Cir.1989).
Likewise, West’s claim for penalties, interest and attorney fees under LSA-R.S. 22:657 is preempted by ERISA. Our Louisiana Supreme Court in Cramer, supra at 541, concluded that LSA-R.S. 22:657 did not regulate insurance and conflicted with the civil enforcement scheme of ERISA. The Court stated: “R.S. 22:657 ... merely grants a remedy for the breach of a previously defined contractual relationship ... [and is] preempted by ERISA.” Also, Judge Guidry, as organ for this court, concluded that “Pilot Life ... made it crystal clear that the civil enforcement provisions of ERISA ... [are] the exclusive vehicle[s] for actions by ERISA participants and beneficiaries.” Smith, supra at 322.
Additionally, we find that Soniat, supra, relied upon by West, is distinguishable from the case sub judice. The Soniat court concluded that LSA-R.S. 22:213 B(7) (which mandates that the cancellation of an insurance policy shall not prejudice any claims submitted before the cancellation) is *1299 not preempted by ERISA. The court reasoned that the statute regulates the substantive terms of any health insurance contract issued in Louisiana by redefining what is a covered illness for purposes of the insurance contract. In contrast, LSA-R.S. 22:657 is an enforcement statute that has no effect on the substantive terms of an insurance contract issued in Louisiana and is not an integral part of the policy relationship between the insurer and the insured.
Since West’s claim is based on general contract law and on LSA-R.S. 22:657, we need not determine whether ERISA preempts the other provisions of the Louisiana Insurance Code.
Accordingly, we find that the trial court did not err in concluding that ERISA preempted the application of Louisiana law.
Por the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, William West, Jr.
AFFIRMED.

. Although it is unclear whether West also contends that the disability policy issued by Connecticut is not an ERISA-type plan and not subject to ERISA, we have considered that contention nonetheless and conclude that the Connecticut policy is an ERISA-type plan. The record shows that the plan is offered only to employees of the employer, Raymond International, is co-sponsored and maintained by Raymond International and includes specific references to ERISA in the summary plan description of the disability policy. These factors make it clear that the disability policy is an ERISA-type plan. 29 U.S.C. § 1002; Hansen v. Continental Ins. Co., 940 F.2d 971 (5th Cir.1991): Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489 (9th Cir.1988); cert. denied, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989).